## SUPREME COURT.

### HAINES agt. DAVIS AND LANSING.

The plaintiff may waive a jury and take an inquest before the court in a cause at the circuit, out of its regular order on the calendar, where the defendant does not appear.

*It seems*, that this should be done before the jury are discharged for the circuit.

*Niagara Special Term, February* 1851. On the second day of the last Orleans Circuit Court an inquest was taken in this cause out of its order on the calendar. The defendants' counsel did not appear, and the plaintiff's counsel waived a jury. The cause was heard by the court without a jury, and a report made and judgment entered in favor of the plaintiff.

The defendants now move to set aside the inquest and judgment for irregularity, upon the ground that an inquest can not be

taken without a jury. If the application is not granted on this ground, they ask to be let in to defend on terms.

J. DEPUY, *for Defendants*.

F. J. FITHIAN, *for Plaintiff*.

SILL, Justice.— It has been several times decided that the practice of taking inquests at the circuit, was not abolished by the Code of procedure (Anderson vs. Hough, 1 *Code Rep.* 50; Dickinson vs. Kimball, *id.* 81; Sheldon vs. Martin, *id.* 81; Jones vs. Russell, 3 *How. Pr. R.* 324). Provision is also made for taking inquests by the 12th rule.

It is said in behalf of the defendants that the word " inquest " implies an examination by a jury, and there can not, therefore, be an inquest without a jury. Some authorities are referred to tending to sustain this position. It can not be very important on this occasion to inquire into the derivation of this term, or to seek for its literal or technical definition. Whatever these may be, its meaning when applied to proceedings in a cause at a circuit court, is well understood. It is a trial of the issue of fact where the plaintiff alone introduces testimony. Uusually in these cases the defendant does not appear, and the importance of a jury to him can not depend on the order, in regard to other causes on the calendar, in which his is tried.

It can not be supposed that the legislature intended to place the right to have a jury empannelled upon this unimportant circumstance.

What is called an inquest, when speaking of proceedings in a cause at a circuit. is within the statutory definition of the word " trial." " A trial is the judicial examination of the issues, between the parties, whether they be issues of law or issues of fact ( *Code*, § 250).

Whether the cause is tried upon a regular call, or out of its order on the calendar, it is a judicial examination of the issues. The defendant not appearing, the proceedings are in both cases precisely the same; and a jury, under section 266 may be waived in either.

The defendans' counsel cites *Monell's Practice* (*p.* 176), and has probably been misled by it. According to that book, the practice which has been followed here is irregular· It says that a jury should have been empannelled. Dickinson vs. Kimball (*supra*), is cited as authority for what is there said. Judge HARRIS, in that case says, that the plaintiff may waive a jury on an inquest if the defendant does not appear; but the cause must be moved before the jury are discharged from attendance at the circuit, *" so as to afford the defendant* an opportunity, in case he appear, of claiming his right."   In Dickinson vs. Kimball, the inquest was taken after the jury had been discharged, and this was the reason for setting it aside; not because a jury must necessarily have been empannelled if one had been present.   The principle of that decision seems to be this: The defendant is entitled to appear at the taking of the inquest, and to cross examine the plaintiff's witnesses; and if he do appear, the inquest must be taken before a jury, unless it be expressly waived by him.

Where the plaintiff does not move the inquest before the jury are discharged, it does not follow that the defendant is not in attendance, up to the time of their discharge, for the purpose of asserting this right.   His non attendance afterwards, when his appearance could not secure it to him is not to be construed, as in other cases, a waiver of a jury.   There is sound reason in the rule laid down, by Mr. Justice HARRIS, but the present case is not within it.

The excuse for omitting to file an affidavit of merits, is not the most satisfactory, and I have doubts whether the defendants ought to be relieved.   They, however, swear to merits, and on the whole, I have concluded to let them in to try the cause, on payment of the costs of the circuit, and of opposing the motion, and upon stipulating that the action be referred.   The judgment, in the mean time, is to stand as security.

NOTE.—The foregoing decision was affirmed on appeal at the general term, held in Erie county in April 1851, before SILL, MARVIN and HOYT, Justices.