# ABBOTTS'

# PRACTICE REPORTS.

## NEW YORK.

### THE PEOPLE *a.* CAMPBELL.

*Supreme Court, First District; General Term, March, 1864.*

REMEDIAL STATUTE.—CONSTRUCTION.—NEW YORK DISTRICT
COURT.—EXCUSING DEFAULT.

The statute (*Laws of* 1862, ch. 483, § 16) which empowers a justice of a New
York District Court to open and set aside any default made in an action tried
before or by him, and to award costs thereon, is remedial, and should be liber-
ally construed.

Where a default was taken in a New York District Court, on a trial before V., a
justice officiating in the absence of D., the local justice,—*Held,* that the latter
had power to open and excuse the default.

Appeal from an order refusing a peremptory mandamus.

An alternative writ of mandamus was obtained directed to
Andrew J. Campbell, clerk of the Third District Court in the
city of New York, requiring him to issue execution upon a
judgment recovered by default in that court. On the day of
the recovery of the judgment, the justice of the Fifth District
Court was sitting in the Third District in the absence of the
local justice. Subsequently, by order of the local justice, the
judgment was opened and the default excused. The plaintiff
in the action applied to the clerk of the court for an execution
upon his judgment, and, on the refusal of that officer, took the
present proceeding. The court below denied the relator's mo-
tion, and the present appeal was taken.

*Joseph Lux*, for the appellant.

*William C. Carpenter*, for the respondent.

By the Court.—Clerke, J.—The statute of 1862 (*Laws of* 1862, 975), is emphatically a remedial statute. It gives a Justice of the District Courts, in the city of New York, authority, "upon motion before him, to open and set aside any default made in any action tried before or by *him.*" These are the words. This power no justice of the peace before possessed; so that, whatever may have been the circumstances under which the default was taken, the party suffering by the default was without remedy. He may have been taken sick, or assaulted, or hindered by a long procession, or any other crowd in the street, on his way to the court-room; still he was without remedy. This act now gives the remedy. No rule is more familiar, than that a remedial statute ought to be construed liberally. "Such construction," say the books, "ought to be put upon a remedial statute, as will tend to suppress the mischief intended to be remedied, and give life and strength to the remedy according to the true intent of the makers of the law;" and for this purpose, even the enacting words may be extended beyond their natural import and effect, and even contrary to the letter, in order to include cases within the same mischief. (See cases cited in 9 *Bac. Abr.*, 246, 251, tit. Stat., Phil. ed., 1861.) We must also have regard to the maxim, "*qui hæret in literâ, hæret in cortice.*"

It certainly would not be in conformity with these rules, to say that because the act under consideration states that the justice before whom the cause was tried may open the default, that, when a cause is tried before a justice of another district in the city, who takes the place of the permanent justice of the court, in consequence of the illness of the latter, or some other temporary cause, that the latter shall not have power to open the default. So far from being a liberal, this would be a most illiberal construction.

The order, denying the peremptory writ of mandamus, should be affirmed, with costs.

Leonard and Sutherland, JJ., concurred.