(21 Misc. Rep. 331.)

### SZERLIP v. BAIER et al.

(Supreme Court, Appellate Term. October 1, 1897.)

1. JUDGMENTS—VACATION—JURISDICTION OF JUSTICE OF DISTRICT COURT.
Section 1367 of the consolidation act, as amended by Laws 1896, c. 748, provides that the justice of a district court may, on motion, open any default, and set aside or modify any judgment entered thereon. *Held*, that this applies to a judgment regular upon its face, and entered as by default against a defendant who was never served with a summons.

2. SAME.
The same section further provides that the justice shall "set the cause down for pleading, hearing or trial as the case may require." *Held*, that this does not confine the motion to cases wherein, if the order is granted, it shall provide for pleading, hearing, or trial. Such direction is to be made if the case requires it. If not, or when the defendant has not been brought before the court, the order will simply set aside the judgment.

3. SAME—CUMULATIVE REMEDIES.
The remedies by motion and by appeal (Code Civ. Proc. §§ 3046, 3057, 3213) are cumulative.

4. APPEALABLE ORDERS—WHAT ARE.
From every order of the justice of a district court opening a default and vacating the judgment thereon, an appeal lies (Laws 1896, c. 748) to the appellate term of the supreme court.

5. REFEREES—POWER TO APPOINT—STIPULATIONS.
There is no power in the district courts to appoint referees, and no stipulation for the fees of those officers confers the right to include such a disbursement in any judgment. The consent of parties cannot confer jurisdiction in such a case.

6. JUDGMENT—TIME OF RENDITION.
A judgment can be entered only after the trial of an action, and cannot be awarded upon a motion in the district court.

7. PROCESS—SERVICE—SUFFICIENCY OF PROOF.
Upon the question of whether a defendant was or was not served with a summons, proof that thereafter he willfully disregarded an order to show cause in supplementary proceedings instituted upon the judgment in the ac-

tion, and that he was silent when notified of the issue and return of execution against him, presumptively shows that he had been served with summons, and it requires strong evidence to destroy the effect of such a concession.

Appeal from Fifth district court.

Action by Frieda Szerlip against Franz Baier and others, in which a judgment was entered against defendants by default. From an order vacating the judgment, and awarding judgment against plaintiff, in favor of defendant Franz Baier, for $30, fees of the referee before whom the witnesses were examined and their depositions taken for use on the motion to vacate, plaintiff appeals. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Abraham B. Schleimer, for appellant.

A. H. Berrick, for respondents.

DALY, P. J. A judgment was rendered in this action against the defendant in the district court for want of appearance and answer, on proof of personal service of the summons. He moved before the justice to set aside the judgment upon the ground that the summons had never been served, and the motion was granted. From the order granting the motion this appeal is taken. The respondent questions the jurisdiction of the court to entertain the appeal, upon the ground that the statute under which the justice assumed to act confers no power to open a judgment by default except in cases where jurisdiction of the defendant had been actually acquired by the service of the summons upon him, and that, as in this case it was determined by the justice that the defendant had never been served, there had been no default, and all the proceedings in the court below, including the order setting aside the judgment, were void. Without considering how far the defendant is estopped from denying the jurisdiction which he has successfully invoked for his own benefit and to the damage of the plaintiff, it is enough to say that his contention that the justice had no power to set aside this judgment for want of service is entirely unfounded. The judgment was in form a judgment by default, and until set aside was on its face entirely regular as a judgment by default, and therefore within the statute which permits a justice to entertain a motion to set it aside. Before the statute the remedy of a defendant in such a case was by appeal, and upon such appeal he might show that the summons had not been served, and the judgment would be reversed if for that reason it was found that the justice had not acquired jurisdiction. Fitch v. Devlin, 15 Barb. 47. The statute was passed in order to afford a summary remedy in addition to the cumbersome, dilatory, and expensive resort to an appeal. That the resort to an appeal is still open to the defendant in such a case (Code Civ. Proc. §§ 3046, 3057, 3213) is no argument against the intention to afford a remedy by motion. We held to that effect in a similar case. Burkhard v. Smith, 19 Misc. Rep. 31, 42 N. Y. Supp. 638. And so there is no force in respondent's objection that cumulative remedies could not have been intended by the legislature. Nothing in the act conferring the power upon the district courts to open defaults on motion restricts that power to cases in which the defendant has been regularly brought into court. The

statute provides that the court may open the default, and the action may be set down "for pleading, hearing or trial as the case may require." This does not conclusively show that the legislature intended that the motion should not be entertained except in cases wherein, if granted, the order shall provide for pleading, hearing, or trial. Such direction is to be made if the case requires it. If not, or when the defendant has not been brought before the court, the order will simply set aside the judgment.

From every order opening a default and vacating the judgment thereon the statute allows an appeal to this court. Laws 1896, c. 748. The plaintiff (appellant here) contends that the justice exceeded his power in awarding in the order a judgment in favor of the defendant for $30, the fees of the referee before whom the parties were directed by the justice to appear with their witnesses for examination upon the disputed question of fact, as to whether the summons had been served. Both plaintiff and defendant agreed to attend before the referee, and stipulated that the unsuccessful party was to pay his fees. This consent and stipulation did not, however, confer upon the justice any power to award a judgment. There is no power in the district courts to appoint referees, and no stipulation for the fees of those officers confers the right to include the disbursement in any judgment. The consent of parties cannot confer jurisdiction in such a case. The stipulation to pay the expenses so incurred must be enforced, if at all, by action, the same as any other contract. Not only was the reference unauthorized, and the allowance of the expenses improper, but it is manifest that a judgment could not be rendered in favor of the defendant where the only order authorized by the statute upon the motion was one vacating the judgment entered in favor of the plaintiff. A judgment can only be entered after a trial of an action, and cannot be awarded upon a motion in the district court.

So far as this appeal brings up for review the decision of the justice upon the question of fact involved in the motion, the return shows positive testimony as to the fact of service by the person deputized to serve the summons, and the facts are circumstantially narrated in his testimony. According to his statement, the service was made on the 26th September. The defendant first admits that a paper was served upon him in September, but on another occasion changes the date to October, but always insists that that paper was not a summons, but an order to appear before a justice of the supreme court. Such an order was served upon him in November, and was disregarded by him. It was an order requiring him to appear and be examined in supplementary proceedings instituted upon this judgment after the return of an execution, of which he also had had notice; and it was not until a subsequent order was served upon him, requiring him to show cause why he should not be punished for his contempt in disobeying the order for examination, that he tardily made his motion to open the default in the district court. This disposition to disregard legal process except where extreme measures are threatened affords very strong presumption that he may have actually suffered a default in this case after regular service of the

°summons upon him.   His silence when notified of the execution and
when the supplemental order was served is an admission that the
proceedings were regular, and it should require very strong evidence
to destroy the effect of such a concession.   That evidence is not pre-
sented by his own testimony and the testimony of other interested
parties, his sons and their employé, as against the positive oath of
the person who went to the defendant for the express purpose of
serving the paper, and who swears that he did serve it.   The recol-
lection of such a witness is more reliable than that of even disinter-
ested persons who state that they stood by and saw no service made.
Upon the record before us, therefore, I am in favor of a reversal
of this order, not only for the irregular award of any judgment
against the plaintiff, but also upon the merits.   All concur.