Charles Ludwin, Appellant, *v.* Guseppe Siano, Respondent.

. (Supreme Court, Appellate Term, December, 1901.)

Municipal Court of the city of New York — A justice thereof may vacate a judgment — Costs on vacating.

> Under L. 1896, ch. 748, the powers of a justice of the Municipal Court of the city of New York are not confined to opening a judgment and he may vacate one in a proper case, *e. g.*, where it has been obtained by a fraud upon the court.

> He cannot, however, in granting such order allow the prevailing party ten dollars costs of the motion.

APPEAL by the plaintiff from an order made by the Municipal Court of the city of New York, second district, borough of Manhattan, vacating a judgment and discharging the defendant from arrest and imprisonment.

Aaron Morris, for appellant.

John Palmieri, for respondent.

McADAM, P. J. On the return day of the summons both parties appeared. The plaintiff declined to pay the clerk's trial fee, whereupon the justice dismissed the complaint. The defendant then departed from the court-room, whereupon the plaintiff paid the trial fee and, concealing the fact that it was the same case in which the justice had granted such dismissal, took from the justice a judgment as upon the defendant's default, with a provision adjudging the defendant liable to arrest and imprisonment. The defendant was incarcerated under the execution issued, whereupon he obtained from the justice an order to show cause why the proceedings should not be set aside. The justice, after hearing the parties, decided that a fraud upon the court had been committed, vacated the judgment and execution and discharged the defendant from further imprisonment. The propriety of the order cannot be questioned, but the justice's power to make it is challenged, the plaintiff claiming that he can only open a judgment and not vacate one.

This court has held that a justice of the Municipal Court has power in a proper case to vacate a judgment for want of jurisdiction under the amendment of 1896, chapter 748. Szerlip v. Baier, 21 Misc. Rep. 331. In the case cited the Appellate Term said: " The judgment was, in form, a judgment by default, and, until set aside, was on its face entirely regular as a judgment by default, and, therefore, within the statute which permits a justice to entertain a motion to set it aside. Before the statute, the remedy of a defendant in such a case was by appeal; and upon such appeal he might show that the summons had not been served; and the judgment would be reversed, if, for that reason, it was found that the justice had not acquired jurisdiction. Fitch v. Devlin, 15 Barb. 47.

" The statute was passed in order to afford a summary remedy, in addition to the cumbersome, dilatory and expensive resort to an appeal.    That the resort to an appeal is still open to the defendant in such a case (Code Civ. Pro., §§ 3046, 3057, 3213), is no argument against the intention to afford a remedy by motion.    We held to that effect in a similar case (Burkhard v. Smith, 19 Misc. Rep. 31), and so there is no force in respondent's objection that cumulative remedies could not have been intended by the legislature.    Nothing in the act conferring the power upon the District Courts to open defaults on motion restricts that power to cases in which the defendant has been regularly brought into court."

The only available objection to the order is that it allowed ten dollars costs on granting the motion, which the Municipal Court has no statutory power to allow.    The order will, therefore, be modified by striking out the provision as to ten dollars costs and as modified affirmed, with costs.

MacLean and Scott, JJ., concur.

Order modified, and as modified affirmed, with costs.