(49 Misc. Rep. 90)

### SPIROPULOS v. MAGNIONI.

(Supreme Court, Appellate Term. December 28, 1905.)

COURTS—MUNICIPAL COURT—APPEAL—VACATION OF DEFAULT JUDGMENT.

Where defendant moved to set aside a municipal court judgment, alleging that he had not been served with summons, and the court granted the motion, with the direction that the case be set down for trial on a day certain, such order was a finding that the defendant had been properly served, and that the judgment was set aside as a matter of grace to defendant; and hence an appeal from so much of the order as set the case down for trial would be regarded as an appeal from an order opening a default which is not appealable, as provided by Municipal Court Act, § 257. Laws 1902, p. 1563, c. 580.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Bacilios Spiropulos against John Magnioni. From an order of the New York Municipal Court opening a default and setting a case down for trial, defendant appeals. Appeal dismissed.

Argued before SCOTT, P. J., and BISCHOFF and MacLEAN, JJ.

Nelson L. Keach, for appellant.

Abraham L. Levy, for respondent.

BISCHOFF, J. Asserting that he was not served with the summons, the defendant moved to set aside the judgment, and the motion was granted, with a further direction that the case be set down for trial upon a day certain. From so much of the order as contains the latter direction, the defendant has appealed.

A motion to open a default and to set aside a judgment implies the existence of jurisdiction in the court to render the judgment. If no jurisdiction has been obtained, there has been no "default" through nonappearance, and the statute, as it appears, has conferred upon the Municipal Court no power to set aside judgments upon the ground that they were rendered without jurisdiction because the summons was not served upon the defendant. The remedy is by appeal from the judgment. Austen v. Columbia Lubricants Co. (Sup.) 85 N. Y. Supp. 362.

The theory of the present appeal is that the justice determined that the summons had not been served, and followed this determination, with a direction that the cause be tried, none the less. Such a direction, it is claimed, renders the order erroneous (Szerlip v. Baier, 21 Misc. Rep. 331, 47 N. Y. Supp. 133) and appealable, because within the scope of section 253 of the Municipal Court Act (Laws 1902, p. 1562, c. 580), and not within the exception contained in section 257 (page 1563), since the direction was excessive of the mere opening of a default. The actual determination of the motion by the justice, as gathered from the order, does not accord with this contention. Having set the case down for trial, which he could not do if the defendant had not been served with the summons (Szerlip v. Baier, supra), the justice, we must infer, found the disputed fact of service in favor of the plaintiff, and the granting of the motion to set aside the judgment is to be deemed an act of grace, with which the defendant has no cause to quarrel.

Thus the appeal is from an order opening a default, which is not appealable (Municipal Court Act, § 257), and the character of the order is not changed in such wise as to render it appealable, because an incidental direction was made for the trial of the cause. This direction was essential, and the statute contemplates its embodiment in the very order which may not be reviewed upon appeal. Municipal Court Act, §§ 253, 257.

Appeal dismissed, with costs.

SCOTT, P. J., and MacLEAN, J., concur in result.