(59 Misc. Rep. 498.)

### FRIEDBERGER v. STULPNAGEL.

(Supreme Court, Appellate Term.  June 22, 1908.)

1. COURTS—INFERIOR COURTS—JURISDICTION.

   The powers of courts of statutory origin will be strictly limited to the exact literal meaning of the words used in the statute, holding them to the precise limits of jurisdiction prescribed by law; but liberality is used in reviewing their proceedings.

2. SAME—MUNICIPAL COURT—JURISDICTION—VOLUNTARY APPEARANCE.

   Under the express provisions of section 26 of the Municipal Court Act (Laws 1902, p. 1498, c. 580), parties may appear in court voluntarily and have their differences legally adjusted.

3. SAME—DEFAULT JUDGMENT—SETTING ASIDE—POWER OF COURT.

   Municipal Court Act, Laws 1902, p. 1562, c. 580, § 253, authorizing the court to set aside a default judgment and set the case down for pleading, when construed in the light of the prior provisions leading up to such section, as found in section 1367 of the Consolidation Act (Laws 1882, p. 351, c. 410), Laws 1862, p. 970, c. 484, as amended by Laws 1894, p. 1871, c. 750, and Laws 1896, p. 978, c. 748, confers no power on the Municipal Court to set aside a default judgment absolutely, but only to open the default and set the case down for pleading.

4. SAME.

Municipal Court Act, Laws 1902, p. 1562, c. 580, § 253, authorizing the court to set aside a default judgment and to set the case down for pleading, was amended by Laws 1907, p. 554, c. 304, to read, the court "or a justice thereof" in the district in which a default "or dismissal" is taken "or in which judgment is taken or final order made without the service of a summons or of process as required by law" may at any time upon notice open such default "or dismissal." Prior to the amendment the court had no power to set aside a default judgment absolutely, but only to open the default and set the case down for pleading. The only other remedy available to defendant was by appeal under section 311 of the Municipal Court Act. *Held*, that the amendment did not change the existing rule so as to permit a setting aside of a default and dismissing the action, since the quoted words in the amendment only gave the additional power to aid a plaintiff in his default, and since it was the evident intention of the Legislature to provide another less expensive remedy than the appeal authorized by section 311, as shown by the fact that section 311 was not repealed, and sections 248, 249, Municipal Court Act, relating to dismissals, were not amended.

5. SAME.

Municipal Court Act, Laws 1902, p. 1578, c. 580, § 311, authorizes an appeal from a default judgment. Section 253 authorizes a default judgment to be opened on motion and the case set down for pleading. *Held* that, though two remedies were provided to set aside a default judgment, a defendant was not entitled to both remedies, as plaintiff may not be subjected to two bills of costs.

6. SAME—MOTIONS—DISMISSAL.

Since under section 253 of Municipal Court Act, as amended by Laws 1907, p. 554, c. 304, authorizing the setting aside of a default judgment and setting the case down for pleading, a defendant has no right to set aside a default judgment absolutely for the nonservice of process, a motion to vacate the judgment, asking for no other relief, made on a special appearance for that purpose, should be dismissed.

7. APPEARANCE—GENERAL OR SPECIAL—MOTION TO SET ASIDE JUDGMENT.

A motion to set aside a judgment for nonservice of process is not equivalent to a general appearance.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appearance, § 52.]

8. APPEAL AND ERROR—ORDERS—APPEALABILITY—SETTING ASIDE JUDGMENT.

Where a party appears specially to set aside a default judgment for nonservice of process, and asks for the dismissal of the action, which is not grantable under section 253 of Municipal Court Act (Laws 1902, p. 1562, c. 580), as amended by Laws 1907, p. 554, c. 304, authorizing the setting aside of a default judgment and setting the case down for pleading, an order denying the motion to dismiss is not an appealable order, as it is not one of the orders enumerated in sections 253–256, authorizing appeals from the Municipal Court; nor is it an order denying a motion to open a default, as provided in section 257, authorizing an appeal from such an order.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Lazarus Friedberger against Elizabeth Stulpnagel. From an order denying a motion to set aside a default judgment in the Municipal Court, defendant appeals. Appeal dismissed.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and GREENBAUM, JJ.

August P. Wagener, for appellant.

Olcott, Gruber, Bonynge & McManus, for respondent.

PER CURIAM. In the original summons, issued in this action, the words and figures "128 Prince street," which were intended to designate the location of the courthouse in the First district, Municipal Court, were stricken out, and the words "66 Lafayette street" written over them in ink. The copy of the summons which was served upon the defendant also had the words "128 Prince street" stricken out, without any designation or mention of the street or mention of the courthouse. The defendant failed to appear upon the return day, and a judgment was taken against her as by default. The next day, an attorney representing the defendant obtained an order to show cause, and upon the return of that order filed a special notice of appearance, in which he set forth that he appeared "only for the purpose of moving to vacate and set aside the judgment entered herein by default, in favor of the plaintiff on February 3, 1908, on the ground that the copy summons served did not conform to the original summons and is defective, in that no place where the same is returnable is stated in said copy summons, and for the purpose of moving to dismiss the proceedings, with costs, by reason of such defect." This motion was denied, with $5 costs, and from the order entered thereon the defendant appeals.

I do not consider it necessary, in disposing of this appeal, to pass upon the question as to whether or not the court below acquired jurisdiction over the person of the defendant by the service of the alleged defective summons. If the service of such a summons was insufficient to confer jurisdiction over the defendant, it was equivalent to no service at all. If jurisdiction was thereby conferred, the defendant is in default. The question to be determined is whether the Municipal Court can by an order made after judgment has been rendered vacate and set aside such judgment and dismiss the action.

Prior to the amendments of section 1367 of the Consolidation Act (Laws 1882, p. 351, c. 410), a District Court justice became functus officio, after rendering a judgment, and the only remedy an aggrieved party had was by an appeal therefrom. People v. Callahan, 7 Daly, 435. A justice of a District Court had no power whatever over a judgment, not even to amend it, nor to make an order setting it aside, nor to set aside the verdict of a jury or to grant a new trial. Schwartz v. Wechler, 2 Misc Rep. 67, 20 N. Y. Supp. 861; People v. Campbell, 18 Abb. Prac. 1; Edel v. McCone (Com. Pl.) 10 N. Y. Supp. 538; Carpenter v. Willett (Ct. App.) 28 How. Prac. 225. From the time the judgment was rendered, a District Court justice became merely a ministerial officer. Carpenter v. Willett, supra. In the case of Van Rensselaer v. Chadwick, 7 How. Prac. 297–299, in discussing the question of the power of a justice of the peace, in a case where judgment had been rendered, the court said:

"No motion could have been made in the original action to set aside the proceedings for want of service: a justice of the peace having no power after judgment to entertain such a motion."

Unless therefore we can find some power conferred upon the Municipal Court by statute to set aside a judgment and dismiss an action, it is clear that no such power exists in that court. By chapter

484, p. 970, of the Laws of 1862, power was given a District Court
justice to open a default; the statute reading as follows:

"Upon motion before him to open and set aside any default made in any
action tried before him."

Prior to the enactment of this statute, the court had no power over
judgments even to open a default, "no matter what may have been the
circumstances under which the default was taken." People v. Camp-
bell, supra. Section 1367 of the consolidation act contained substan-
tially the same provision and declared that:

"Any justice may, upon motion before him, open and set aside any default
made in any action tried by or before him, and may award such costs, not· ex-
ceeding ten dollars as a condition for opening such default, as in his discre-
tion shall be just and proper."

This section was amended by chapter 750, p. 1871, Laws 1894,
and again by chapter 748, p. 978, Laws 1896. This latter amendment
gave to the Municipal Court still further power regarding defaults,
and enacted that:

"The court, or a justice holding the same, may at any time, upon motion
made upon such notice as the justice may direct, open any default and set aside,
vacate or modify any judgment entered thereon, and set the cause therein for
pleading, hearing or trial as the case may require, upon such terms as the
court may deem proper."

It will be observed that up to the time of the enactment of this
statute the court had no power over a judgment. Its power was limit-
ed to "setting aside any default," and no mention was made of the
judgment. By the amendment above quoted, the court was given au-
thority to vacate and set aside any judgment entered upon a default,
and to set the cause down for pleading, hearing, or trial, "as the case
may require." Nevertheless, the power thus conferred related wholly
to judgments taken by default, and no power was given to dispose of
the action in any other way than, if the default was opened, to set the
case down for future action. Gormully & Jeffery Mfg. Co. v. Cath-
arine, 25 Misc. Rep. 338, 55 N. Y. Supp. 475; Wolchock v. Tom-
barelli, 32 Misc. Rep. 694, 66 N. Y. Supp. 504. In other words, if
the defendant had defaulted in appearing upon the return day, and his
default was opened, the case might be set down for pleading; if the
default was after issue was joined, then the cause must be set down for
hearing or trial; the words "as the case may require" clearly having
reference to the situation of the case at the time the default was
opened.

Section 253 of the Municipal Court Act (Laws 1902, p. 1562, c. 580)
was, as stated by the Commissioners of Revision, "taken from the first
part of section 1367 of the consolidation act and applies only to de-
faults." The section is headed "Court May Open Default," and the
language, giving power to the court, and directing the manner in
which the case must be disposed of, when a default is opened, is pre-
cisely the same as was contained in the Consolidation Act, § 1367.
The Appellate Term has frequently decided that the construction to
be given section 253 is not that it gives the court power to vacate and
set aside a judgment and dismiss the action, but that a judgment can

only be vacated when a default is opened, and the order opening the default must contain a provision setting the case down for pleading, hearing, or trial (Diehle v. Steele, 49 Misc. Rep. 457, 97 N. Y. Supp. 1024; Altieri v. Trotta, 53 Misc. Rep. 649, 103 N. Y. Supp. 715; Barron v. Feist, 51 Misc. Rep. 589, 101 N. Y. Supp. 72), and that such an order was "an essential condition in opening a default" (Spiropulos v. Magnioni, 49 Misc. Rep. 90, 96 N. Y. Supp. 438). This construction is in accordance with the decisions of all superior courts, when called upon to define the powers of courts of statutory creation; the rule being to strictly limit the power of an inferior court to the exact literal meaning of the words used in a statute, holding them to the precise limits of jurisdiction prescribed by law, but to be liberal in reviewing their proceedings. Jones v. Reed, 1 Johns. Cas. 20; Handshaw v. Arthur, 9 App. Div. 175, 41 N. Y. Supp. 61, affirmed 161 N. Y. 664, 57 N. E. 1111.

If, then, section 253 remained the same, as originally enacted, we should have no difficulty in disposing of this case. The section as amended reads as follows; the underscored words being the amendment inserted by the Legislature of 1907 (Laws 1907, p. 554, c. 304), taking effect September 1st of that year:

"The court, *or a justice thereof*, in a district in which a default *or dismissal* is taken in an action or summary proceeding, *or in which judgment is taken or final order made without the service of a summons or of process as required by law*, may at any time upon motion made upon such notice as the court may direct, open such default *or dismissal*, and set aside, vacate or modify any judgment or final order entered in any such action or proceeding and set the action or proceeding down for pleading, hearing or trial as the case may require upon such terms as the court may deem proper."

It will be seen that the amendment consists of the added words "or a justice thereof," the words "or dismissal," and the words "or in which judgment is taken or final order made without the service of a summons or of process as required by law." The other language in the section remains exactly as it was prior to the amendment. In other words, the language of that portion of the section, which bounds the power of the court and declares what it may do, when it is asked to exercise its authority, and which governs its course in cases that may arise under that section, remains precisely as it formerly existed. The words "or dismissal" were intended to dispel the uncertainty as to whether or not the court could relieve a plaintiff who had defaulted as well as a defendant. This was undoubtedly owing to the apparently conflicting decisions in Lefenfeld v. Adler, 51 Misc. Rep. 66, 99 N. Y. Supp. 799, and Wolfert v. N. Y. City Ry. Co., 53 Misc. Rep. 536, 103 N. Y. Supp. 768. It is now claimed that the words "or in which judgment is taken or final order made without the service of a summons or of process as required by law," inserted in the section by the amendment aforesaid, confers power upon the Municipal Court to vacate a judgment and dismiss an action, where no service of process was made, and that in such a case the cause need not be continued, but may be terminated absolutely. This position is untenable, unless we are prepared to hold that the language of that portion of the section, which directs the course to be taken, and limits the power of

the court in such cases, has been heretofore erroneously construed by this court, for, as there has been no change made in that portion of the section, if the court, prior to the amendment, had no power to set aside a judgment, unless it also set the case down for future action, the amendment does not add to its authority in that respect. If it was the intention of the Legislature to so enlarge the power of the Municipal Court, it has failed to so express itself by any statutory enactment, and, as the Municipal Court can take nothing by implication, the amendment is of no force, as there is no power given to the court to carry it into effect.

But there are several reasons why such an intent is not manifest, and why another intent reasonably appears. Section 248 of the Municipal Court act provides for a judgment of dismissal in certain cases with costs, but without prejudice to a new action, and section 249 provides for cases when a judgment of dismissal upon the merits may be given. It is reasonable to presume that, if the Legislature intended to grant power to the Municipal Court to vacate a judgment and dismiss an action for nonservice of process, an addition to either of those sections of words to that effect would have been the method taken to accomplish such a result. Section 311 of the Municipal Court act gives a person who has never been served with process or appeared in the action a right to appeal, and that section has not been repealed either expressly or by implication. We can find no express or implied intention on the part of the Legislature to confer more power upon the Municipal Court to dismiss an action than has already been given by sections 248 and 249 of the Municipal Court act, and we are therefore of the opinion that the intent of the Legislature, in adding to section 253 the words above quoted, was, not to give power to the court to vacate a judgment and dismiss an action, but to afford a person who had never been served with process another remedy than that of being compelled to resort to the expensive and dilatory method of taking an appeal from a judgment entered against him. Technically, a judgment so taken is not, so far as the defendant is concerned, a judgment taken by reason of his default, because if never served he cannot be said to be in default. Spiropulos v. Magnioni, supra. Nevertheless, there seems no good reason why a person who has never been served with process, and has not appeared, may not, upon ascertaining that a judgment has been entered against him, be permitted, upon proper application therefor, and proper proof, to have such a judgment vacated, and be allowed to defend any claim the plaintiff may have against him. Parties may appear in court voluntarily and have their differences legally adjusted. Section 26, Municipal Court Act. Until proof of nonservice is given, the court has prima facie jurisdiction, because proof of service of the process is always given before an inquest is taken.

In Edel v. McCone, supra, the court held that such an inquest was a trial, within the meaning of the section regarding defaults, and that, although a defendant had not been served, he was not compelled to resort to an appeal or a suit in equity, and the setting aside of the judgment by the justice and fixing a day for the trial of the case was upheld by the court. An "inquest" is a "trial." Haines v. Davis, 6

How. Prac. 118. Presumably, a party against whom a judgment has been taken knows that the plaintiff has a claim against him, and may prefer to defend himself in the forum chosen by his adversary, where the. costs in case of defeat are small, and the issues tried promptly. And although by an appeal he could have the judgment reversed absolutely, yet he would subject himself to a new action, and, possibly, in a different court where trials are longer delayed and are more expensive. As a reason for asking the court's permission to be allowed to have his day in court, the fact of nonservice of process would be a most potent one. There is no reason for depriving a defendant of this right because he is not legally in "default." In fact, such a situation has been generally regarded as a "default" by most practitioners and by the courts and is illustrated in the case at bar, where the defendant asks to have the "judgment" entered herein by "default" set aside, etc. A defendant thus seeking relief in the court below does so voluntarily, and thereby renounces his remedy by appeal, and there is no maxim in law more familiar than that which declares that every man is at liberty to renounce any benefit which the law has reserved for him. If therefore a defendant prefers that the differences between himself and his adversary be tried in the court below, a proper application and due proof accomplishes that result. Neither is the plaintiff harmed by the adoption of such a course. He has already submitted himself to the jurisdiction of the court, and is also warned by notice of motion of the defendant's claim. He can meet the issue by proof, and, if the court is satisfied that no service of process was made upon the defendant, the judgment is vacated, and the cause set down for pleading or trial. If, on the other hand, the court finds that service has been made, then and in that event the defendant is clearly in default, and may be relieved if such default is excusable. In either case, the plaintiff is in no worse position than if the defendant had appeared upon the return day and joined issue. If the defendant's motion is denied, he has his remedy by an appeal. Schrenkeisen v. Kroll (Sup.) 85 N. Y. Supp. 1072.

The most that can be said is that the Municipal Court act, in its present condition, gives a defendant who has not been served with process, and has not appeared generally in the action, two remedies, either of which he can avail himself, viz.: Of an appeal from the judgment under section 311, and presenting to the appellate court facts from which that court can determine that no service was made (Austen v. Columbia Lubricants Co. [Sup.] 85 N. Y. Supp. 363; Lazarus v. Boynton [Sup.] 86 N. Y. Supp. 104) thereby obtaining an absolute reversal of the judgment, or by an application under section 253 to the court below to have the judgment vacated and the case set down for pleading or trial. This is what the Legislature evidently intended to secure. If the defendant adopts the latter remedy, he must show by his moving papers that he intends to bring himself within the jurisdiction and power of the court to grant him the relief asked for, and this he does not do by special appearance for the purpose of vacating the judgment only. This, as we have seen, the court has no power to do.

A motion to set aside a judgment for nonservice of process is not equivalent to a general appearance. Noble v. Crandall, 49 Hun, 474, 2 N. Y. Supp. 265; Cohen v. Levy, 27 Misc. Rep. 331, 58 N. Y. Supp. 721. If, however, a defendant thus situated moves to have the judgment vacated and the cause set down for pleading or trial, upon proper proof, his motion should be granted. It may also be observed that a defendant thus situated is not entitled to both the remedies hereinbefore referred to. The plaintiff cannot be subjected to two bills of costs, one by reversal upon appeal direct from the judgment, and, possibly, one upon appeal from an order denying defendant's motion.

The construction given herein to section 253 .makes the practice plain and in accord with the previous decisions of this court and violates no rule of law or practice. In the case at bar, the defendant sought to obtain from the court an order vacating the judgment and dismissing the action, and appeared specially and made a motion for that purpose only. The court had no power to grant such a motion or to make the order asked for therein. The motion should therefore have been dismissed. The denial of the motion was the same in effect. The order made, however, is not an appealable order, as it is not one of the orders enumerated in sections 253, 254, 255, 256; nor is it an order denying a motion to open a default, as provided in section 257, and the appeal must therefore be dismissed.

Appeal dismissed, with $10 costs.