RAYMOND v. KEILEY.

(Supreme Court, Appellate Term. June 23, 1908.)

1. COURTS—MUNICIPAL COURTS—JUDGMENT—DEFAULT—SETTING ASIDE—MOTIONS.

Under Municipal Court Act, Laws 1902, p. 1562, c. 580, § 253, authorizing the court to set aside a default judgment and set the case down for pleading, when the motion to vacate the judgment asks for "such other and further relief as may be just," etc., the default, if the facts warrant it, may be opened and the case set down for pleading.

2. SAME—REMEDY BY APPEAL.

Under Municipal Court Act, Laws 1902, p. 1562, c. 580, § 253, authorizing the setting aside of a default judgment and the setting of the case down for pleading, the fact that under section 311 (page 1578) of the Municipal Court act the time for appeal from such judgment had expired does not preclude the remedy authorized by section 253.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Edward A. Raymond, as treasurer, etc., against William S. Keiley. From an order of the Municipal Court setting aside a default judgment, plaintiff appeals. Modified.

Argued before GILDERSLEEVE, P. J., and DAYTON and GERARD, JJ.

Walter L. Bunnell, for appellant.
Keiley & Haviland, for respondent.

PER CURIAM. The defendant moved herein for an order vacating the judgment entered against him, and "for such other and further relief as the court might grant," upon the ground that no process had ever been served upon him. The court granted the motion.

This was error. There is no authority given to a Municipal Court, or a justice thereof, to vacate and set aside a judgment absolutely under the circumstances disclosed in this case. See Friedberger v. Stulpnagel, 112 N. Y. Supp. 89, decided at the April term of this court. Where, however, a notice of motion asks for such other and further relief as may be just, etc., such relief may be given as the facts warrant. Thompson v. Erie Ry. Co., 45 N. Y. 476; People v. Nostrand, 46 N. Y. 377. The court below should therefore have opened the default of the defendant and set the case down for pleading.

The fact that the time to appeal from the judgment under section 311 of the Municipal Court act (Laws 1902, p. 1578, c. 580) had expired did not preclude the defendant from applying for and obtaining the relief afforded by section 253 of said act. In fact, the appellant concedes that the defendant's only remedy is to move to open his default, which, in effect, he has done.

Order modified, by directing that the defendant's default be opened, the judgment vacated and set aside, and the case set down for pleading, and, as modified, affirmed, without costs on this appeal to either party.

DAYTON, J., not voting.