MILMAN et al. v. LEVINE.

(Supreme Court, Appellate Term. June 23, 1908.)

COURTS—MUNICIPAL COURTS—JUDGMENT—DEFAULT—SETTING ASIDE.

Defendant in a Municipal Court, being sued in a fictitious first name, moved to set aside the judgment rendered on default, and also for such "other or different relief" as to the court might seem proper. Held, that though, under section 253 of the Municipal Court act (Laws 1902, p. 1562, c. 580), authorizing the setting aside of a default judgment and setting the case down for pleading, the Municipal Court had no authority to vacate a judgment absolutely, yet under the general prayer for relief the court was authorized to vacate the judgment and set the case down for pleading.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Felix Milman and others against Jacob Levine. From an order of the Municipal Court denying a motion to open a default, defendant appeals. Modified.

Argued before GILDERSLEEVE, P. J., and DAYTON and GERARD, JJ.

Abraham Levy, for appellant.
Gainsburg & Solomon, for respondents.

PER CURIAM. The defendant herein, claiming that no process was ever served upon her, obtained an order to show cause on Janu-

ary 28, 1908, why the judgment entered against her, upon her failure to appear upon the return day of the summons issued herein, should not be vacated and set aside, and for such "other or different relief as to this honorable court may deem proper." This motion was based upon an affidavit made by one "Rose" Levine, in which she swears that she was informed that she was being sued under the name of "Jacob" Levine, but that she was never served with any summons in this action, and did not appear in any way therein, although judgment had been entered against her. That she was correct in her assumption appears from the record, as the plaintiff was permitted to amend the summons by inserting the name of "Rose" therein in place of the one of "Jacob," and entering a judgment against "Rose." This affidavit was not disputed; the plaintiff claiming that the court below had no jurisdiction to vacate a judgment, for the reason of nonservice of process, and that the only remedy of a defendant in such a case was by appeal under section 311 of the Municipal Court act (Laws 1902, p. 1578, c. 580). The court below denied the motion, evidently adopting the view urged by the plaintiff's attorney. In the case of Friedberger v. Stulpnagel, 112 N. Y. Supp. 89, decided by the April term of this court, the right of the Municipal Court or a justice thereof to vacate a judgment absolutely is passed upon, and there decided that the Municipal Court act as at present constituted confers no such power. Under the general prayer for relief asked for in the moving papers herein the court should have vacated the judgment and set the case down for pleading. See Raymond v. Keiley (decided at the present term of this court) 111 N. Y. Supp. 244.

Order modified, by directing that defendant's default be opened, the judgment vacated, and the case set down for pleading, and, as thus modified, affirmed, without costs on this appeal to either party.

DAYTON, J., not voting.