(91 Misc. Rep. 58)

### HEINZER v. KRETZ et al.

(Supreme Court, Appellate Term, First Department. June 28, 1915.)

COURTS ⬤189—MUNICIPAL COURT—JURISDICTION—ISSUES.

Where defendant in Municipal Court, appearing specially to object to the jurisdiction of the court, seeks a trial at which the objection can be raised, the court may properly open a so-called default and set the case for traverse to the jurisdiction and try the issues raised by the traverse,

⬤For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

though defendant does not specifically ask to have the case set down for traverse, but prays for such relief as may seem proper.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. ☞189.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Frederick W. Heinzer, doing business under the firm name and style of the Hygrade Cigar Company, against Edward Kretz and another, copartners doing business under the firm name and style of Kretz & Coyle. From an order refusing to set aside and vacate a substituted service of summons, defendant Frank Coyle appeals. Reversed and remitted.

Argued June term, 1915, before GUY, BIJUR, and PAGE, JJ.

Thomas F. J. Connolly, of Portchester, for appellant.

Allen C. Bragaw, of New York City, for respondent.

PER CURIAM. The defendant Coyle appeals from an order denying his motion to set aside and vacate the substituted service of the summons in this action and the judgment entered herein, and for such other and further relief as to the court might seem just and proper.

Said defendant, appearing specially, made the application to the court below on the grounds that, at the time of the beginning of this action, the appellant resided at St. Louis, Mo., and that the papers upon which the order for substituted service was granted were insufficient to confer jurisdiction upon the court. The motion was denied apparently for want of power.

While it has been held that the Municipal Court Act permits a party to raise an objection to the jurisdiction of the court over the person only at the trial, or, if he fails to appear, by appeal to this court under section 311 of that statute, and that the Municipal Court has no power to rule upon an objection to its jurisdiction, except upon the trial (Friedberger v. Stulpnagel, 59 Misc. Rep. 498, 112 N. Y. Supp. 89; Review & Record Co. v. Gilbreth, 65 Misc. Rep. 503, 120 N. Y. Supp. 100), nevertheless where a defendant, though appearing specially in order to preserve his rights to object to the jurisdiction of the court, seeks a trial at which the objection can be properly raised, the court may properly open the so-called "default" and set the case for traverse to the jurisdiction and then try the issues raised by the traverse (Roberts & Lewis Co. v. Dale, 74 Misc. Rep. 392, 132 N. Y. Supp. 404).

Although the appellant did not specifically ask to have the case set down for traverse, under his prayer for other and further relief the court had power to follow the procedure referred to in the case cited.

Order reversed, with $10 costs, and motion remitted to the court below for action as herein indicated.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes