(27 Misc. Rep. 226.)

### EMPIRE HARDWARE CO. v. YOUNG.

(Supreme Court, Appellate Term. April 21, 1899.)

1. APPEAL—APPLICATION TO OPEN DEFAULT.
    Application to open a default may be first made on appeal.
2. SAME—PAYMENT OF JUDGMENT.
    Payment of a judgment under protest does not bar appeal therefrom.

Appeal from municipal court, borough of Manhattan, First district.

Action by the Empire Hardware Company against William M. Young. There was a judgment for plaintiff, and defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

57 N.Y.S.—48

Samuel Seabury, for appellant.
Louis Z. Kinstler, for respondent.

LEVENTRITT, J. The plaintiff recovered judgment by default on the nonappearance of the defendant, execution was issued, and the amount claimed thereunder was paid under protest. The defendant appeals, alleging error in fact in the proceedings, not affecting the merits of the action, and not within the knowledge of the justice. Code Civ. Proc. § 3057. The error assigned is the nonservice of the summons. Under the sanctioned practice the matter is presented for our determination in the first instance on opposing affidavits. While the application to open the default might originally have been addressed to the court below (Laws 1882, c. 410, § 1367, as amended by Laws 1896, c. 748), that course of procedure is merely concurrent with the one adopted by the appellant (Szerlip v. Baier, 21 Misc. Rep. 331, 47 N. Y. Supp. 133; Burkhard v. Smith, 19 Misc. Rep. 31, 42 N. Y. Supp. 638). Nor did the payment of the judgment bar the appeal. The payment not having been by way of compromise, or coupled with an agreement not to take or pursue an appeal, the temporary compulsory submission to the mandate of the court cannot affect the right to try error on appeal. Hayes v. Nourse, 107 N. Y. 577; 14 N. E. 508; Clowes v. Dickenson, 8 Cow. 328; Perry v. Woodbury (Com. Pl.) 17 N. Y. Supp. 530; Monnet v. Merz (Sup.) 17 N. Y. Supp. 380. We are consequently required to pass upon the error in fact. A careful examination of the affidavits submitted satisfies us that the summons was not served on the defendant, and that at the time of the alleged service, as well as prior and subsequent thereto, he was not in the jurisdiction. This conclusion, convincingly established by the five affidavits presented in behalf of the appellant, is not weakened by the inconclusive and unsupported affidavit of service. The judgment should be reversed.

Judgment reversed, with costs to the appellant. All concur.