### HOGAN et al. v. GAULT.

#### (Supreme Court, Appellate Term. May 16, 1907.)

**1. APPEAL—JURISDICTION—REVIEW.**
> A levy on defendant's personal property under an execution issued on the judgment appealed from did not preclude defendant from having the question as to whether she was ever served with process determined on appeal.
>
> [Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, § 974.]

**2. PROCESS—SERVICE—EVIDENCE.**
> On appeal from a Municipal Court judgment, evidence *held* to establish want of service.

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by James Hogan and another against Mary E. Gault. From a Municipal Court judgment in favor of plaintiffs, defendant appeals. Reversed, and complaint dismissed.

Argued before GILDERSLEEVE, P. J., and SEABURY and BRADY, JJ.

William Morris Golden, Jr., for appellant.
Samuel J. Rawak, for respondents.

SEABURY, J. This appeal is taken from a judgment entered against the defendant by default, there being no appearance by the defendant in the court below. The appeal is based upon the claim that the defendant was never served with process.

The question presented upon this appeal is simply one of fact. The only proof in support of the plaintiffs' contention that the defendant. was served is the affidavit of the process server to the effect that he served the defendant with a summons on November 17, 1906, at 969 Rogers Place, borough of the Bronx, in this city. In her affidavit the defendant swears that she was not at 969 Rogers Place on the day in question, but that she had moved from that address with her husband on Saturday, September 3, 1906, to 2269 Washington avenue. In this she is corroborated, not only by the affidavit of her husband, but by an affidavit of the real estate agent who rented her the property where she claims she was living on the day the service of the summons is alleged to have been made upon her, and an affidavit of a neighbor, who lives in the house next to the house where the defendant claims she was living on November 17, 1906. Against this proof the plaintiffs offer nothing but the affidavit of the process server.

The fact that the sheriff has levied upon the personal property of the defendant under an execution issued upon the judgment appealed from does not preclude the defendant from having the question as to whether she was ever served with the process determined on appeal. Empire, etc., v. Young, 27 Misc. Rep. 226, 57 N. Y. Supp. 753. The defendant never having been served with process and not having appeared in the court below, the judgment that was entered against her should be reversed.

Judgment reversed, with costs, and complaint dismissed. All concur.