### FLUEGELMAN v. ARMSTRONG.

#### (Supreme Court, Appellate Term. June 5, 1908.)

1. JUDGMENT—SATISFACTION—PAYMENT—FILING SATISFACTION PIECE.

The filing of a satisfaction piece is prima facie evidence of payment of a judgment, and its legal effect is the extinguishment of the debt.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, § 1718.]

2. SAME—VACATING—COMPELLING RESTITUTION—STATUTORY PROVISIONS.

Code Civ. Proc. § 1292, providing that, where a judgment is set aside upon motion, the court may enforce restitution in like manner as where a judgment is reversed on appeal, has no application to a motion to set aside a default and vacate a judgment which has been satisfied, and by section 3347, subd. 8, it is expressly made not applicable to courts other than of record.

3. COURTS—MUNICIPAL COURTS—POWERS.

The Municipal Court of the city of New York has no inherent powers.

4. JUDGMENT—VACATION—STATUTORY PROVISIONS.

Municipal Court Act, Laws 1902, p. 1562, c. 580, § 253, giving the court or a judge thereof power to open default to set aside the judgment, is not applicable to a proceeding to vacate a judgment which has been extinguished by payment, since the section contemplates the existence of a judgment.

5. SAME—VACATING JUDGMENT AFTER SATISFACTION.

After a judgment rendered on defendant's default has been fully satisfied, there is no longer a judgment in existence, and the court is devested of jurisdiction, and has no power thereafter to set aside the default, vacate the judgment, and dismiss the action on plaintiff's failure to proceed with another trial.

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Henry Fluegelman against Paul Armstrong. Judgment of dismissal, and plaintiff appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and DAYTON and GERARD, JJ.

Henry Fluegelman, for appellant.

Hays & Hershfield (D. P. Hays and Samuel M. Levy, of counsel), for respondent.

GILDERSLEEVE, P. J. The plaintiff herein appeals from a judgment of the Municipal Court dismissing his complaint, with costs. The facts in the case are not disputed, and are substantially as follows: The action was begun in December, 1907, and on the 30th day of that month the plaintiff, the defendant failing to appear, took a judgment by default. On January 2, 1908, the plaintiff filed a transcript in the county clerk's office, and thereupon issued an execution to the sheriff of this county. After the execution was so delivered to the sheriff, an order in supplementary proceedings was obtained in aid of the execution, returnable on January 11, 1908. It was then ascertained that certain third parties were indebted to the defendant, and an order permitting them to pay such indebtedness to the sheriff was obtained in the City Court, and under and by virtue of this last-mentioned order payment was made to the sheriff by said third parties; the sum so paid equaling the amount of the judgment, interest, poundage, and costs. The defendant had knowledge of these proceedings, but it does not appear that he took any steps in the Supreme or City Court in reference thereto. The money thus obtained by the sheriff was paid to the plaintiff, and on January 17, 1908, the execution was returned to the office of the county clerk of this county, with an indorsement thereon showing that the judgment had been fully paid and satisfied. Thereupon the county clerk issued a transcript of judgment, showing that the same was fully paid and discharged, and such transcript was filed in the office of the clerk of the Municipal Court on January 18, 1908, and the plaintiff at the same time executed and delivered to said clerk of the Municipal Court a satisfaction of said judgment.

In the meantime, and on January 14, 1908, the defendant moved in the Municipal Court to open his default in failing to appear on December 30, 1907, in answer to the summons served upon him. This motion was based upon an order to show cause, and in that order the proceedings on the part of the plaintiff were stayed. It is needless to say that such a stay could have no force as to the proceedings taken by the plaintiff in the Supreme and City Courts, and no claim is made that such would be the effect of an order granted in the Municipal Court. The motion to open the default came on for hearing on January 15, 1908, and was denied, with leave to renew. Thereafter, and subsequent to the satisfaction of the judgment and the filing of the transcript and satisfaction piece in the clerk's office of the Municipal Court, a second motion to open the defendant's default was made. This motion was also founded upon an order to show cause, returnable on January 24, 1908. Upon the hearing of

this motion the plaintiff appeared specially and objected to the jurisdiction of the court; but subsequently the court below granted the motion, and entered an order vacating and setting aside the judgment and setting the cause down for trial on January 31, 1908. At the last-named date the parties again appeared; the plaintiff appearing specially and objecting to the right of the court to proceed with the trial, upon the ground that the judgment was fully paid and satisfied and that the court was thereby divested of jurisdiction. The court below, however, directed the plaintiff to proceed, and upon his failure so to do a judgment of dismissal of the action, with costs, was entered against him, from which comes this appeal.

It is perfectly clear that, at the time the motion was made to open the defendant's default and to vacate and set aside the judgment, there was no judgment in existence, and therefore nothing for the court to exercise its power upon. The judgment had been extinguished. The filing of the satisfaction piece was prima facie evidence of payment. Its legal effect was the extinguishment of the debt. McCready v. Thrush, 37 App. Div. 465, 56 N. Y. Supp. 68. As stated in Hatch v. Central Nat. Bank, 78 N. Y. 487:

"So far as the causes of action were stated in the complaint, they were merged in the judgment. The judgment was paid and satisfied. There was no longer a judgment, and the parties were out of court."

See, also, to the same effect, 17 Am. & Eng. Ency. of Law (2d Ed.) p. 862; Rochester Distilling Co. v. Devendorf, 72 Hun, 622, 25 N. Y. Supp. 529.

Respondent urges that the payment by defendant was not a voluntary one. That is no reason, if true, why a diligent creditor, who has not been stayed by any effective order, and has orderly pursued his remedy to collect his judgment according to law, should be compelled to litigate his claim more than once in a court of law, especially when his adversary has failed to adopt the proper course in order to enable him to have his day in court. Section 1292 of the Code of Civil Procedure, referred to by the respondent, not only has no application to the facts in the case at bar, but is expressly excluded in its application to courts other than of record by section 3347, subd. 8, of the Code.

The respondent also urges that, "if a judgment be obtained in the Municipal Court and collected by execution, an appeal would be worthless," unless the judgment itself could be vacated and set aside. This is not a case of a defendant appealing, or even seeking to appeal, from a judgment paid under an execution. The defendant seeks herein to have a judgment, already satisfied and discharged, vacated, and to compel the plaintiff to litigate. The defendant knew of the proceedings being taken in the Supreme and City Courts by the plaintiff to collect the judgment. There is no claim made that the judgment was improperly or illegally collected. The defendant, without doubt, could have obtained a stay in either the Supreme or City Court until the question of his right to have his default opened in the Municipal Court was determined, and, failing to make any effort to do so, is alone responsible for the consequences of such neg-

lect. The judge of the Municipal Court had no power to, in effect, set aside the satisfaction of the judgment duly entered under the guise of opening the defendant's default. The Municipal Court has no inherent powers. Colwell v. N. Y., N. H. & H. R. R. Co., 57 Misc. Rep. 623, 108 N. Y. Supp. 540. It was expressly held in People ex rel. Jaffe v. Fitzpatrick, 35 Misc. Rep. 456, 71 N. Y. Supp. 191, that:

> "No statute can be found which gives to the Municipal Court the power to entertain proceedings to vacate a satisfaction piece filed on which a judgment has been regularly canceled on the docket or to make any orders respecting the same."

Section 253 of the Municipal Court Act (Laws 1902, p. 1562, c. 580) is no aid to the defendant, as to apply the provisions of that section implies the existence of a judgment, and, as before stated, no judgment was in existence. It may also be said that the affidavits used upon the defendant's motion to open his default furnished no sufficient excuse for his failure to appear upon the return day. of the summons, and, even if the court had jurisdiction, the motion should have been denied upon that ground. The court, however, had no jurisdiction to entertain the motion, and the judgment must be reversed.

Judgment reversed, with costs.

DAYTON and GERARD, JJ., concur in result.

