## BLOCH v. WEINSTEIN.

(Supreme Court, Appellate Term.  January 8, 1909.)

1. Courts (§ 189*)—Municipal Court—Default Judgment—Setting Aside—
   Sufficiency of Moving Papers.
   On moving papers asking that a default judgment of the Municipal
   Court be absolutely vacated, but not praying for relief from the default,
   the court has no power to order the judgment vacated and the case set
   down for trial.
   [Ed. Note.—For other cases, see Courts, Cent. Dig. § 409; Dec. Dig.
   § 189.*]

2. Courts (§ 189*)—Municipal Court—Default Judgment—Power to Va-
   cate Absolutely.
   The Municipal Court has no power to set a default judgment aside
   absolutely, but must upon vacatur set the case down for trial.
   [Ed. Note.—For other cases, see Courts, Cent. Dig. § 409; Dec. Dig.
   § 189.*]

3. Courts (§ 189*)—Municipal Courts—Default Judgment—Setting Aside
   —Sufficiency of Moving Papers.
   Moving papers, asking merely that a default judgment of the Municipal
   Court be vacated, and not that the default be opened, and submitting
   no proposed answer, though no answer had theretofore been interposed,
   would not be sufficient to authorize the opening of the default, vacating
   the judgment, and setting the case down for trial.
   [Ed. Note.—For other cases, see Courts, Cent. Dig. § 409; Dec. Dig.
   § 189.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Aaron Bloch against Gregory Weinstein.  From an order vacating a default judgment, plaintiff appeals.  Reversed, without prejudice to defendant to move to open the default.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and GUY, JJ.

Charles H. Smith, for appellant.
Max S. Levine, for respondent.

GILDERSLEEVE, P. J.  After repeated adjournments by consent of counsel, the defendant herein failed to appear, and the plaintiff entered a judgment against him by default.  Subsequently, the defendant obtained an order requiring the plaintiff to show cause "why an order should not be made vacating and setting aside said judgment." The defendant in no way indicated, either in his notice of motion or affidavits used, that he desired his default opened, and did not submit with his moving papers any proposed answer, although no answer had theretofore been interposed.  Upon these papers the court below made an order "vacating the judgment and setting the case down for trial."

The defendant claims in his brief that his motion was to open his default, which he also claims was granted, and that no appeal will lie from an order opening a default and vacating a judgment.  The order made herein is in accordance with the provisions of section 254

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of the Municipal Court Act (Laws 1902, p. 1562, c. 580), but there is no foundation in the moving papers for the making of such an order. The only relief asked for in the moving papers, as before stated, is the absolute vacatur of the judgment, and this the Municipal Cour'' had no power to do. Freidberger v. Stulpnagel, 59 Misc. Rep. 498, 112 N. Y. Supp. 89. It follows that, although the court below has power to make the order appealed from when the occasion arises, there was nothing in the moving papers authorizing its issuance. Neither was there sufficient allegations in the moving papers to authorize the opening of the default, vacating the judgment, and setting the case down for trial, as was evidently what the defendant intended to have done.

Order reversed, with costs, without prejudice to the defendant to make a motion to open his default in the court below. All concur.