## LINDENBORN v. VOGEL.

(Supreme Court, Appellate Division, First Department. March 19, 1909.)

1. COURTS (§ 189*) — MUNICIPAL COURT — SETTING· ASIDE DEFAULT — EFFECT OF PAYMENT OF JUDGMENT.

Laws 1907, p. 554, c. 304, § 253, gives to the Municipal Court, or a justice thereof, in a district in which a default is taken, power at any time to open such default and set aside any judgment entered therein. Municipal Court Act (Laws 1902, p. 1570, c. 580) § 277, provides that a judgment docketed in a Municipal Court may be satisfied in the same manner as judgments docketed in courts of record. Code Civ. Proc. § 1264, provides that, when an execution is returned wholly or partly satisfied, the clerk must make an entry thereof in the docket of the judgment upon which it was issued. Section 1261 provides for the execution of a satisfaction piece when a judgment is paid by the person liable to pay it and he requests it. Municipal Court Act (Laws 1902, p. 1572, c. 580) § 284, subd. 9, makes it the duty of the clerk to enter the fact of a payment of a judgment on the docket. *Held*, that a default judgment in a Municipal Court may be set aside at any time, although the judgment has been paid by the clerk out of money deposited with him as security, and a satisfaction piece executed by plaintiff, but not executed at the request of defendant or any one liable to pay the judgment.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 409; Dec. Dig. § 189.*]

2. APPEAL AND ERROR (§ 158*)—RIGHT TO REVIEW JUDGMENT AFTER PAYMENT.

The payment of a judgment, either voluntarily or through the medium of an execution, does not bar the right of appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 973–975; Dec. Dig. § 158.*]

3. APPEAL AND ERROR (§ 127*)—DECISIONS REVIEWABLE—DEFAULT JUDGMENT.

No appeal can be taken from a default judgment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 885; Dec. Dig. § 127.*]

Appeal from Appellate Term.

Action by Solomon Lindenborn against Lillian B. Vogel. From a judgment of the Appellate Term (110 N. Y. Supp. 970), reversing a judgment of the Municipal Court of the City of New York, defendant appeals. Reversed, and judgment of the Municipal Court affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, McLAUGHLIN, and SCOTT, JJ.

Morgan J. O'Brien, for appellant.
Edward W. Hatch, for respondent.

SCOTT, J. The defendant appeals by permission from a determination of the Appellate Term, reversing a judgment of the Municipal Court. The action is for rent for the month of February, 1906, of a loft in the building Nos. 13 and 15 West Twentieth street in the city of New York. The cause was first called for trial on February

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

26, 1908. An affidavit and doctor's certificate were presented to the court, showing the illness of the defendant's attorney, and an adjournment applied for. This was denied, and an inquest taken. Upon motion this default was opened, and the cause set for trial on March 11th, upon condition that defendant deposit with the clerk of the court an amount sufficient to cover the plaintiff's claim. This was done. When the cause was called on the morning of March 11th, defendant's counsel appeared and filed an affidavit showing that he was engaged in a trial then actually in progress in the Supreme Court. His application for an adjournment was, however, denied, and again an inquest was taken, and judgment entered for the plaintiff. The defendant then obtained an order requiring the plaintiff to show cause on March 20th why the default should not be opened. This order contained a stay of proceedings, which, however, was vacated ex parte on March 18th. On March 19th plaintiff, by execution or otherwise, obtained from the clerk the moneys deposited as security, and thus collected the amount of the judgment. He then voluntarily executed and filed a satisfaction piece. The motion to open the default was granted, and the cause set for trial on April 8, 1908, when, against the objection of plaintiff, the trial proceeded, resulting in a verdict and judgment for the defendant. From this judgment the plaintiff appealed to the Appellate Term, bringing up for review the order opening defendant's default after payment and satisfaction of the judgment. The Appellate Term reversed both judgment and order, resting its decision upon the narrow ground that the filing of the satisfaction piece obliterated the judgment, so that there was nothing for the order opening the default to operate upon, and that the Municipal Court had neither inherent nor statutory power to set aside or vacate a satisfaction piece.

Section 253 of the Municipal Court act (chapter 304, p. 554, Laws 1907) gives to the Municipal Court, or a justice thereof, in a district in which a default or dismissal is taken, power "at any time" to open such default or dismissal, and set aside, vacate, or modify any judgment or final order entered therein, and to set the action down for pleading, hearing, or trial, as the case may require. It is conceded, as, indeed, it must be, that mere payment of a judgment, whether voluntarily or through the medium of an execution, does not bar the right of appeal, although in a sense the judgment is extinguished by payment. Hayes v. Nourse, 107 N. Y. 577, 14 N. E. 508, 1 Am. St. Rep. 891; Empire Hardware Company v. Young, 27 Misc. Rep. 226, 58 N. Y. Supp. 753; McEvitt v. Maass, 64 App. Div. 382, 72 N. Y. Supp. 158. An appeal does not lie from a judgment entered upon a default (Dixon v. Carruci, 53 Misc. Rep. 272, 103 N. Y. Supp. 117), and hence the motion to open the default is substituted therefor. The statute conferring power upon the Municipal Court to open a default is unlimited as to the time within which such an order can be made, and much of its force would be lost if it were so limited as to forbid the granting of such a motion after the collection of the judgment. There can, therefore, be no doubt, as we consider, that such an order may be made after the judgment has been collected.

Much stress is laid, however, upon the circumstances that the plaintiff, upon collecting his judgment, executed and filed a satisfaction

piece, and it seems to be considered that, before moving to open the default, the defendant should in some way have attacked the satisfaction piece, and authority is cited to the effect that the Municipal Court has no power to cancel or set aside a satisfaction piece. People ex rel. Jaffe v. Fitzpatrick, 35 Misc. Rep. 436, 71 N. Y. Supp. 191. In that case the motion was made by the attorney of the judgment creditor, who had compromised the judgment, for the purpose of enforcing the original judgment to the extent of his lien. The present is a very different case. If it be necessary to attack the satisfaction piece, it will be for the purpose of vacating the judgment, not for its enforcement. But we do not consider that defendant's motion involved an attack upon the satisfaction piece, which may be disregarded, because the plaintiff had no right to file it.

Section 277 of the Municipal Court act (Laws 1902, p. 1570, c. 580) provides that judgments docketed in these courts may be satisfied in the same manner as judgments docketed in courts of record; and section 1264 of the Code of Civil Procedure provides that, when an execution is returned wholly or partly satisfied, the clerk must make an entry of the satisfaction or partial satisfaction in the docket of the judgment upon which it was issued. Section 1261, which provides for the execution of a satisfaction piece by a person entitled to enforce a judgment, applies only to a case wherein the judgment is paid by the person liable to pay it and he requests that it be executed. The judgment in the present·case was collected from the clerk, whose duty it was to enter the fact of such payment upon the docket. Section 264, subd. 9, Municipal Court Act (Laws 1902, p. 1572, c. 580). No satisfaction piece was required, nor was one requested by the judgment debtor. Its execution and filing was unnecessary, unauthorized, and officious, and the defendant cannot be put to a disadvantage by reason of it. The case stands, therefore, precisely as if no satisfaction piece had been filed, but the judgment had been collected upon execution, or paid by the clerk out of the money deposited as security. Under these circumstances the Municipal Court had power to open the default and vacate the judgment. We therefore think that the Appellate Term fell into error in holding that the order opening the default was unauthorized.

We have examined the record of the trial and find no error therein. It follows that the determination of the Appellate Term must be reversed, and the judgment of the Municipal Court affirmed, with costs to the appellant in this court and the court below. All concur.