SMITH v. GERATY, City Marshal, et al.

(Supreme Court, Appellate Term.   June 29, 1909.)

1. COURTS (§ 189*)—MUNICIPAL COURT OF NEW YORK—OPENING JUDGMENT—REQUISITES OF APPLICATION.

Where defendant, against whom judgment was taken by default, in his affidavit served with the order to show cause, asked that the case be restored and set for trial, the motion was to open his default under Municipal Court Act (Laws 1902, p. 1562, c. 580) § 253, authorizing the court to open a default on motion, even though defendant only asked in the order to show cause that the judgment be vacated.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

2. COURTS (§ 189*)—MUNICIPAL COURT OF NEW YORK—DEFAULT JUDGMENT—OPENING—ORDER.

An order entered upon a motion to open a default, made under Municipal Court Act (Laws 1902, p. 1562, c. 580) § 253, authorizing the court to open a default and vacate the judgment on motion, which vacated the judgment, as required by the statute, and set the case for trial, was not defective for not expressly stating that it opened the default, as the vacation of the judgment, and setting the case for trial, necessarily opens the default.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

3. APPEAL AND ERROR (§ 113*)—DECISIONS REVIEWABLE—ORDER OPENING DEFAULT.

An order opening a default judgment on motion is not appealable.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 758–785; Dec. Dig. § 113.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Charles H. Smith against Frank W. Geraty, City Marshal, and others.   From an order opening a default judgment for plaintiff, he appeals.   Appeal dismissed.

See, also, 61 Misc. Rep. 101, 112 N. Y. Supp. 1100.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Charles H. Smith, for appellant.
Charles M. McLaren, for respondents.

---

GILDERSLEEVE, P. J. Issue was joined in this case by a complaint and answer, and the case was set down for trial upon January 29, 1909. The plaintiff's attorney, having, as he says, "found myself suddenly overwhelmed with imperative appointments," applied to the defendant's attorney for a postponement, and a written stipulation was entered into between them, setting the case down for trial on February 4, 1909, and this stipulation was filed with the clerk of the court. On February 4th, the defendant not appearing, the plaintiff took an inquest, and judgment was entered against the defendant by default. On February 6th the defendant obtained an order requiring the plaintiff to show cause "why the judgment heretofore entered herein by default should not be vacated and set aside." This order was based upon two affidavits, sworn to on February 6th, one by the defendant, in which, after reciting, in substance, that he had that day for the first time learned that a judgment had been taken against him, and that he had been informed that his case had been set down for trial for February 5th, he "therefore asks [referring to the judgment] that the same be set aside and that the case be reinstated and set for some convenient date." The other affidavit is by defendant's attorney, who swears that he understood that the agreement between himself and plaintiff's attorney fixed the date of trial for February 5th, and that he learned for the first time on February 6th that a judgment had been taken against his client on February 4th. He also asks "that the default be set aside and that the case be reinstated for trial." The motion so made was granted, and an order entered by which it was directed "that the judgment be vacated and the action be set down for trial on February 24, 1909." The plaintiff appeals from this order.

The motion made by the defendant was clearly a motion to open his default. It is true that in the order to show cause he only asks that the "judgment be vacated." Nevertheless he expressly states, in the affidavit served with the order, that he desires to have the cause restored to the calendar and set for trial. Unless we are prepared to hold that a moving party is rigidly bound to the precise relief asked for in his notice of motion, and that, although he clearly expresses in his affidavit that he desires, and shows himself entitled to, other relief, it cannot be granted, and we know of no such authority, we must hold that this motion was made under section 253 of the Municipal Court act (Laws 1902, p. 1562, c. 580), and not, as claimed by the plaintiff's attorney, under section 254 of that act. This case differs materially from that of Bloch v. Weinstein (Sup.) 113 N. Y. Supp. 1067, cited by the plaintiff. True, in that case the motion was made, as in this, to vacate the judgment; but the court there said:

"The defendant in no way indicated, either in his notice of motion or affidavits used, that he desired his default opened."

We have already pointed out that in the case at bar the moving affidavit of the defendant expressly asked for the relief to which he is entitled under section 253, supra. In the case of Friedberger v. Stulpnagel, 59 Misc. Rep. 498, 505, 112 N. Y. Supp. 89, 95, this court said, regarding applications to open defaults:

"He must show by his moving papers that he intends to bring himself within the jurisdiction and power of the court to grant him the relief asked for."

In the case at bar the defendant has fully complied with this requirement.

It is strongly urged that the order made is invalid, as it does not declare that the default shall be opened. This contention is seemingly based upon the fact that the order does not use the words "open the default," as contained in section 253. There is no force in this contention. The order vacates the judgment. This an order made under section 253 must do. A vacatur of the judgment is one of the essentials of the order. Dorfman v. Hirschfield, 53 Misc. Rep. 538, 103 N. Y. Supp. 698. The reason of this is obvious. In opening a default, the judgment should not be allowed to remain a lien upon the property of the defendant; the substitute for that being provided for in section 256 of the Municipal Court act, where the only condition that can be imposed for opening a default is the requiring of an undertaking or the deposit of the amount of the judgment, thus leaving the property of the defendant free pending the litigation. That the vacating of the judgment, however, opened the default, follows as a matter of course. When the judgment is vacated and the case set down for trial, there is no default in existence and the order need not so expressly declare.

The motion in this case, as we have seen, being one to open a default, the order made thereunder is not appealable, and we cannot consider the sufficiency of the affidavit used upon the motion in the court below.

Appeal dismissed, with $10 costs. All concur.