### BANKERS' INVESTING CO. v. MARGOLIES et al.

(Supreme Court, Appellate Term. May 24, 1910.)

1. LANDLORD AND TENANT (§ 310*)—RECOVERY OF POSSESSION BY LANDLORD— SUMMARY PROCEEDINGS—ORDER OPENING DEFAULT.

An order, in summary proceedings by a landlord, granting in all respects the tenant's motion to open his default, opening the default, and setting the cause down for trial, and granting the landlord costs, though not in the usual form, was sufficient.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 1319, 1320; Dec. Dig. § 310.*]

2. LANDLORD AND TENANT (§ 310*)—RECOVERY OF POSSESSION—SUMMARY PROCEEDINGS—OPENING DEFAULT.

That, in summary proceedings by a landlord, the tenant defaulted, and on final order of the court the landlord went into possession and received the rent from subtenants, does not entitle the landlord to a vacation of an order setting aside the tenant's default.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 1319, 1320; Dec. Dig. § 310.*]

3. LANDLORD AND TENANT (§ 310*)—RECOVERY OF POSSESSION—SUMMARY PROCEEDINGS—DISMISSAL.

That a landlord has gone into possession under a final order, granted on the default of tenant in summary proceedings by the landlord, and received rent from subtenants, does not entitle the tenant to a dismissal of the proceedings on the opening of his default.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 1319, 1320; Dec. Dig. § 310.*]

Appeal from Municipal Court, Borough of Manhattan.

Summary proceedings by the Bankers' Investing Company, landlord, against Edward Margolies, tenant, and others. From an order vacating a prior order opening the tenant's default, and restoring to full force and effect a final order in favor of the landlord, the tenant appeals. Reversed, and new trial ordered.

Argued before SEABURY, LEHMAN, and PAGE, JJ.

Max D. Steuer (Jos. H. San, of counsel), for appellant.
Stephen W. Collins (Frederick Willets, of counsel), for respondent.

LEHMAN, J. The landlord, on January 7, 1910, brought summary proceedings against the tenant and subtenants of premises owned by it, on the ground that they hold over and continue in possession of said premises after the expiration of the tenant's term. The petition alleges all the necessary jurisdictional facts. After the matter was adjourned several times, it came to trial on January 20th, and, the tenant not appearing a final order awarding possession was granted. On January 25th an order to show cause "why the final order made herein should not be vacated and set aside, and why the defendant should not

be permitted to come in and defend the proceeding on its merits," was made returnable before the trial justice. On the same day an order was made and entered granting the motion in all respects, opening the default, and setting the cause down for trial on January 27th, and granting the landlord $10 costs. This order, while not in the usual form, was sufficient in all respects to comply with the requirements laid down by the court in the case of Smith v. Geraty, 64 Misc. Rep. 40, 117 N. Y. Supp. 902.

Thereafter the cause came to trial on January 27th. The landlord's attorney then objected to proceeding with the trial, and, instead of introducing evidence to sustain the allegations of his petition, showed that a final order was made and a warrant issued on January 21st; that under such warrant he received possession of the premises, and thereafter arranged with the subtenants to allow them to remain in possession upon payment of rent to the landlord. The tenant put in no evidence. Upon these facts the landlord moved, in effect, to vacate the order opening the default, because prior thereto possession had been given under the final order of January 21st, and therefore the final order was fully executed and could not be vacated. The tenant moved for a dismissal of the complaint on the ground that the landlord was then in possession, and, since the landlord has accepted rent from the subtenants, he cannot claim that they are holding over without his consent.

The trial justice granted the motion of the landlord, and vacated the order opening the tenant's default, and reinstated the final order of January 20th. He relied for his authority on the case of Fluegelman v. Armstrong, 59 Misc. Rep. 506, 110 N. Y. Supp. 967. Presumably the attention of the trial court was not called to the subsequent case of Lindenborn v. Vogel, 131 App. Div. 75, 115 N. Y. Supp. 962. That case was decided by this court on the authority of Fluegelman v. Armstrong, and the determination of this court reversed by the Appellate Division. The rule of the earlier case is therefore overruled by the authority of the later case. The order appealed from must therefore be reversed.

In reversing this order we must not, however, be deemed to have decided that the tenant's motion to dismiss was proper. It seems to me obvious that if the tenant may have his default opened in spite of the issuance of the warrant and the delivery of possession under the final order, and is entitled to a trial on the merits, the landlord also is entitled to a trial unprejudiced by the prior delivery of possession or acts done by him in reliance thereon. If the landlord can establish the jurisdictional facts alleged in his petition, he is entitled to a final order awarding him possession, unless he has voluntarily, and without regard to the order which has been vacated, deprived himself of this right.

Order should be reversed, and a new trial had, with costs to appellant to abide the event. All concur.