## WALDMAN v. MANN.

(Supreme Court, Appellate Term.  December 11, 1906.)

1. JUDGMENT—DEFAULT—SETTING ASIDE.

A motion to set aside a default on the ground that the defendant was not served with process should not be denied on the ground that where there was no service there was no default, since the defendant, by his motion, confers jurisdiction on the trial court to pass on his application.

2. APPEAL—RECORD—AMENDMENT.

On appeal from a judgment rendered against a person who claims that he was not served with process, where the briefs of both parties refer to affidavits as to the service of process which do not appear in the record, both parties being equally derelict, the return will be sent back to the files of the court to permit the parties to move to amend it.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 2830, 2831.]

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by David Waldman against Louis Mann.  From a judgment in favor of plaintiff, defendant appeals.  Return sent back to files of court to permit motions for amendment thereof.

Argued before GILDERSLEEVE, FITZGERALD, and DAVIS, JJ.

Nathan Vidaver, for appellant.

Max Silverstein, for respondent.

PER CURIAM.· This is an appeal from a judgment entered in favor of the plaintiff upon an inquest taken March 28, 1906. Subsequently the defendant obtained an order to show cause why the "judgment should not be vacated and set aside, and why the defendant's default should not be opened, and why the defendant should not be permitted to come in and defend the action." This order was based upon an affidavit made by the defendant in which he swears that the summons in the action was never served upon him. Although the return is settled and allowed by the trial justice, it contains no other affidavit in favor of or opposed to the motion. There is an order denying such motion upon the ground that, as the defendant claimed never to have been served with a summons, there was no "default" to open. It may well be said here that, the defendant having elected to treat his failure to appear in the action as a "default" and having asked to have such default opened and he be permitted to defend, he thereby conferred jurisdiction upon the trial court to pass upon the merits of his application, and, if his statement as to nonservice was found to be true, to open his alleged default and set the case down for trial.

Under section 311 of the Municipal Court act (Laws 1902, p. 1578, c. 580), where the summons was not personally served and there was no appearance by the defendant, he may appeal from such judgment within 20 days after personal service of notice of entry of the judgment. This is evidently the course the defendant is now trying to pursue. The practice in such appeals is to serve affidavits upon the opposing party, showing nonservice of the summons and such facts relative to the alleged service as tend to sustain the defendant's contention, and the plaintiff may also submit affidavit showing service. Lazarus v. Boynton (Sup.) 86 N. Y. Supp. 104. Although the brief of defendant's attorney states that "affidavits of defendant and his wife" contain certain averments and that the brief of plaintiff's attorney states that the respondent "interposes upon this appeal a detailed affidavit of * * * the process server, verified September 24, 1906, no such affidavits appear in the record; the only affidavits relative to service of the summons being the regular affidavit of service on the back of the summons and the affidavit of the defendant made to obtain the order to show cause, which, as before stated, contains a bare denial of service ever having been made. This return was filed May 26, 1906, and the most cursory examination by either party would have shown the absence of material and important papers, without which this court cannot rightfully determine the appeal herein. It is the duty of counsel for the parties to see to it that the return is full and complete before the same is submitted to the court, and, if not found to be so, the court is always open for a motion to amend it. In this case both parties are equally derelict in the performance of such a duty.

The return will be sent back to the files of this court, to permit either or both parties to move to amend the same, and the enforcement of the judgment will be stayed in the meantime until the appeal can be brought before the court upon such affidavits as have been heretofore made and omitted from the record, and such others as either party may desire to submit. No costs to either party.