MISHKIND-FEINBERG REALTY CO. v. ROSENHAFT.

(Supreme Court, Appellate Term. November 30, 1909.)

1. COURTS (§ 189*) — MUNICIPAL COURTS — SUMMARY PROCEEDINGS—VACATING ORDER—JURISDICTION.

A tenant in summary proceedings in the Municipal Court of the city of New York is not entitled to a vacation of the default order awarding possession to the landlord on motion on all the papers and proceedings had therein, on the ground that the court was without jurisdiction, as there was no personal service of the precept on the tenant, and the affidavit of service was defective.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. Courts (§ 190*)—Municipal Courts—Orders Appealable.

An order denying a motion to set aside a final order in summary proceedings awarding the possession to the landlord is not appealable, as it is not one of the orders enumerated in Municipal Court Act (Laws 1902, pp. 1562, 1563, c. 580) §§ 253–256, authorizing appeals.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by the Mishkind-Feinberg Realty Company against Morris Rosenhaft. From an order denying a motion to set aside a final order in summary proceedings entered in the Municipal Court of the city of New York in favor of plaintiff as landlord, defendant as tenant appeals. Dismissed.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

Bernard H. Sadler, for appellant.
Edward Potter, for respondent.

GILDERSLEEVE, P. J. A precept was issued in the Municipal Court requiring the defendant to show cause why possession of certain demised premises should not be delivered to the plaintiff upon the ground of nonpayment of rent. The precept was returnable on July 20, 1909, and, the tenant failing to appear, a final order was issued awarding the possession of the premises to the landlord. On August 20, 1909, the tenant made a motion "on all the papers and proceedings heretofore had herein" for an order vacating and setting aside the final order upon the ground that the court had not acquired jurisdiction. No personal service of the precept was made upon the defendant, and the motion was based upon the ground that the affidavit of service was defective. Under the decision in Friedberger v. Stulpnagel, 59 Misc. Rep. 498, 112 N. Y. Supp. 89, the tenant has not shown himself entitled to the relief sought by his motion. The order appealed from, not being one of those orders enumerated in sections 253–256 of the Municipal Court Act (Laws 1902, pp. 1562, 1563, c. 580), is not an appealable order, and the appeal must be dismissed. Spiegelman v. Union Ry. Co., 95 App. Div. 92, 84 N. Y. Supp. 478.

Appeal dismissed, with $10 costs. All concur.