### REVIEW & RECORD CO. v. GILBRETH.

(Supreme Court, Appellate Term. December 22, 1909.)

1. COURTS (§ 189*)—NEW YORK MUNICIPAL COURTS—POWER TO VACATE JUDGMENTS.

The Municipal Court has no power under the Municipal Court act (Laws 1902, p. 1486, c. 580) to set aside its judgment for lack of jurisdiction because of the nonservice of summons on defendant.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

2. COURTS (§ 189*)—NEW YORK MUNICIPAL COURT—APPEARANCE—WAIVER OF NONSERVICE OF SUMMONS—EFFECT.

A defendant in Municipal Court may waive a jurisdictional defect due to nonservice of process, and may ask the court to regard his failure to appear merely as a default not caused by his own negligence, and the court must then set aside the default judgment and set a day for trial.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

3. COURTS (§ 190*)—RIGHT TO APPEAL—WAIVER.

A defendant in Municipal Court, waiving the jurisdictional defect due to nonservice of process and submitting himself to the jurisdiction of the court, by moving it to set aside the default judgment on the ground that his default was not caused by his own negligence, thereby loses his right to appeal from the default judgment for want of jurisdiction.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

4. APPEARANCE (§ 9*)—GENERAL APPEARANCE.

A motion by defendant to set aside a default judgment for nonservice of summons is not equivalent to a general appearance.

[Ed. Note.—For other cases, see Appearance, Cent. Dig. § 44; Dec. Dig. § 9.*]

5. COURTS (§ 189*)—NEW YORK MUNICIPAL COURT—APPEAL—WAIVER—ACTS CONSTITUTING.

A defendant in Municipal Court, who moved to set aside the judgment against him for nonservice of summons, and who protested against the action of the court setting the cause for trial, did not waive the jurisdictional defect due to nonservice of summons, and he was not barred from appealing from the judgment.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

6. COURTS (§ 190*)—APPEAL—RECORD—AFFIDAVITS—NOTICE.

On appeal from a default judgment in Municipal Court, the affidavits on motion in the Municipal Court to vacate the judgment should be considered on appeal only after reasonable opportunity has been given respondent to meet the appeal, and copies of the affidavits should be served with the notice of argument.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by the Review & Record Company against Frank B. Gilbreth. From a judgment for plaintiff, defendant appeals. Conditionally affirmed.

Argued before GIEGERICH, GOFF, and LEHMAN, JJ.

Wait & Foster, for appellant.

Robert L. Turk, for respondent.

LEHMAN, J. The plaintiff recovered a judgment against the defendant upon his failure to appear on the return day. Thereafter the defendant moved to set aside and vacate the judgment on the ground that the summons had never been served upon him. The justice below thereupon indorsed upon the motion papers: "Motion granted. Case set down for Sept. 24, 1909."

If the defendant was not served, the court had no jurisdiction over him. It cannot set aside its judgment for lack of jurisdiction, because no such power is given by the Municipal Court act (Laws 1902, p. 1486, c. 580). Friedberger v. Stulpnagel, 59 Misc. Rep. 498, 112 N. Y. Supp. 89. The defendant may, however, waive the jurisdictional defect, and submit himself to the jurisdiction of the court. He may then ask the court to regard his failure to appear merely as a default not caused by his own negligence, and it becomes the duty of the court to set aside the judgment taken by default and to set a day for the trial. Where the defendant has by such a motion actually submitted to the jurisdiction of the court, he obviously loses his right to appeal from the judgment because of lack of jurisdiction. A preliminary question, therefore, arises upon this appeal as to the right of the defendant at this time to take an appeal from the judgment.

I do not find that the defendant has waived this right. A motion to set aside a judgment for nonservice of process is not equivalent to a general appearance. Noble v. Crandall, 49 Hun, 474, 2 N. Y. Supp. 265. The defendant has not moved to have the cause set down for trial, but, on the contrary, appears to have protested against such a course. He has, therefore, not waived the jurisdictional defect claimed by him to invalidate the judgment, and is not barred from taking an appeal from such judgment. Mishkind-Feinberg Realty Co. v. Rosenhaft (Appellate Term, October, 1909) 119 N. Y. Supp. 682.

The defendant apparently relies mainly upon the affidavits presented to the court below on the unauthorized motion to vacate the judgment; but I find no record of any notice given to the plaintiff of such intention. This motion was made after the judgment was rendered, and the affidavits should be considered on appeal only after reasonable opportunity has been given the respondent to meet such appeal. Copies of the affidavits should be served with the notice of argument. Austen v. Columbia Lubricants Co., 85 N. Y. Supp. 362. The one affidavit presented for the first time on this appeal is insufficient to show lack of jurisdiction.

The appellant may renotice the appeal for the February term upon payment of $10 costs; otherwise, the judgment should be affirmed, with costs. All concur.