## BLACKMAN v. IRONCLAD MFG. CO.

(Supreme Court, Appellate Division, Second Department.   April 22, 1910.)

COURTS (§ 189*)—MUNICIPAL. COURTS—VACATING DEFAULT JUDGMENT—STAT-·
UTORY POWER.

· Laws 1907, c. 304, so amending Municipal Court Act (Laws 1902, c.
580) § 253, as to authorize the court or a justice thereof to vacate a de-
fault judgment rendered without service of process, affects the remedy
only, and is applicable to a default judgment rendered and motion made
to vacate it prior to the passage of the act; and the court hearing such
motion after the adoption of the act has power to grant it, though at the
time of the rendition of the judgment and of the making of the motion
the remedy was by appeal under section 311.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

Appeal from Municipal Court of New York.

Action by Morris Blackman against the Ironclad Manufacturing
Company. From an order of the Municipal Court denying a motion
to vacate a default judgment, defendant appeals. Reversed.

Argued before JENKS, BURR, THOMAS, RICH, and CARR, JJ.

James, Schell & Elkus, for appellant.

Charles Burstein, for respondent.

JENKS, J. The defendant appeals from an order of the Municipal
Court that denied its motion to vacate a judgment entered against it
by default.

The ground of the motion was jurisdictional, in that the defendant
was not served with process, and that the alleged appearance in this
action of its general attorney was a fraud, if not a forgery. The
appellant would have us regard this appeal as from an order refusing
to open its default. But the application for the order to show cause,
that order, the avowed contention of counsel at the time of the applica-
tion, and the order entered upon the motion, all indicate plainly that
the remedy sought was vacation of the judgment. The judgment was
entered in 1905, and but a few days intervened between the entry
thereof and this application. The justice who presided in the court at
the time the motion was made overlooked the motion, and did not de-
cide it until December 31, 1909, when it was denied "for want of
power."

If this decision had been made prior to September 1, 1907, there was
authority for it (Diehl v. Steele, 49 Misc. Rep. 456, 97 N. Y. Supp.
1024), and the remedy of the defendant, as pointed out in that case,
would have been found in section 311 of the Municipal Court act
(Laws 1902, c. ·580). But on September 1, 1907, section 253 was
amended (Laws 1907, c. 304), so that at the time this decision was
made the court or a justice thereof, in a district in which a judgment is
taken without the service of à summons, or the process required by
law, could have vacated the judgment, and have afforded the further
appropriate relief. For this amendment but affected the remedy, and
was therefore applicable to the case at bar when the court came to de-
cide it.   Matter of Davis, 149 N. Y. 539, 44 N. E. 185; Southwick v.

Southwick, 49 N. Y. 510; Ryan v. Waule, 63 N. Y. 57; Lazarus v. M. E. R. Co., 145 N. Y. 585, 40 N. E. 240; Peace v. Wilson, 186 N. Y. 403, 79 N. E. 329.

The order is reversed, with $10 costs and disbursements, and the motion is remitted to the Municipal Court for hearing upon the merits thereof.  All concur.