ROBERTS & LEWIS CO. v. DALE.

(Supreme Court, Appellate Term. December 22, 1911.)

1. COURTS (§ 107*)—DECISIONS—CONSTRUCTION.
    The opinion of an appellate court must be interpreted as a whole, and whatever is said therein must be tested by reference to the actual question before the court.
    [Ed. Note.—For other cases, see Courts, Cent. Dig. § 360; Dec. Dig. § 107.*]

2. COURTS (§ 189*)—MUNICIPAL COURTS—OPENING DEFAULT JUDGMENTS—JURISDICTION.
    Under Municipal Court Act (Laws 1902, c. 580) § 253, authorizing the court to open a default and set the action for pleading, hearing, or trial, the authority of the court is limited to the opening of the default or dis-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

missal, and it may not vacate a judgment without setting the. cause down for pleading, hearing, or trial.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412; Dec. Dig. § 189.*]

3. COURTS (§ 189*)—MUNICIPAL COURTS—OPENING DEFAULT JUDGMENTS—JU-
RISDICTION.
Under Municipal Court Act (Laws 1902, c. 580) § 248, providing that, where an objection to the jurisdiction is overruled, it is cause only for reversal on appeal, but, if not taken at the trial, it is waived, a party may raise an objection to the jurisdiction of the person only at the trial, or where he fails to appear, by appeal to the Appellate Term under section 311, and the Municipal Court has no power to rule on an objection to its jurisdiction, except on the trial.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412; Dec. Dig. § 189.*]

4. COURTS (§ 189*)—MUNICIPAL COURTS—OPENING DEFAULT JUDGMENTS—JU-
RISDICTION.
Where defendant in the Municipal Court appeared specially after default and moved to set aside the judgment, on the ground that he was not served, and the justice opened the default and set the case for traverse, and on the return day defendant traversed the service, and. thereafter the traverse was sustained, and the prior judgment was vacated, and the complaint dismissed, the Municipal Court followed the procedure authorized by the Municipal Court act (Laws 1902, c. 580).

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412; Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Actions by the Roberts & Lewis Company against Charles A. Dale, against Otto A. Frei, against Fergus M. Callan, and against William Canfield. From orders of the Municipal Court of the City of New York, plaintiff in each action appeals. Affirmed.

Argued before GIEGERICH, LEHMAN, and PENDLETON, JJ.

Philip Goldfarb, for appellant.

Silas B. Axtell, for respondents.

LEHMAN, J. The plaintiff in these actions recovered judgment against the defendants on their default. Thereafter the defendants appeared specially and moved to set aside the judgments and to dismiss the complaints on the ground that they were never served with process. The trial justice ordered that "the default be opened and case set for April 24, 1911, for traverse." Upon the return day the defendants traversed the service. Thereafter a trial of the traverse was held, and the trial justice sustained the traverse, and ordered that the previous judgments be vacated, and gave judgments for defendants dismissing the complaints.

The plaintiff now seeks to review these rulings of the trial justice by appeal from his orders, and urges that under the authority of Friedberger v. Stulpnagel, 59 Misc. Rep. 498, 112 N. Y. Supp. 89, and Review & Record Co. v. Gilbreth, 65 Misc. Rep. 503, 120 N. Y. Supp. 100, we are bound to hold that the rulings of the trial justice

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

were erroneous. If he is correct in his contention, then we have no right to consider his appeal; for in the case of Friedberger v. Stulpnagel this court decided that, since the right of this court to hear appeals from the orders of the Municipal Court is limited to the orders enumerated in certain sections of the Municipal Court act (Laws 1902, c. 580), we have no right to reverse an order made upon a motion which the trial justice had no authority under those sections to consider.

[1] I do not agree, however, with the view that the authorities cited by the plaintiff apply to the facts before us. It is true that isolated expressions in the opinion in the case of Friedberger v. Stulpnagel are quite possibly open to the construction claimed by the appellant. However:

"The opinion must be interpreted as a whole, and whatever was said must be tested by reference to the actual question before the court." Hogan v. Board of Education, 200 N. Y. 370, 93 N. E. 951.

[2] In the case of Friedberger v. Stulpnagel, the defendant appeared specially and moved to set aside the proceedings—

"on the ground that the copy summons served did not conform to the original summons and is defective, in that no place where the same is returnable is stated in said copy summons."

This court held in that case that the Municipal Court had no authority, under section 253 of the Municipal Court act, to consider the defendant's motion; that, under the provisions of that section, it could only open a default and set aside a final order, if it at the same time set the action down for pleading, hearing, or trial as the case may require; that the plaintiff, having appeared specially and only for the purpose of moving to vacate and set aside the judgment, had not submitted herself to the jurisdiction of the court; and that without a voluntary submission the court could not regard the defendants as in "default," within the meaning of the statute, nor could it set the action down for pleading, hearing, or trial. I have no doubt but that the construction which the court gave to the statute in that case was correct. The authority of the court under section 253 is limited to the opening of a default or dismissal. It has no authority to vacate the judgment without setting the case down for pleading, hearing, or trial as the case may require.

[3] In that case the defendant sought to have the judgment vacated without a trial, on the ground that the summons served upon her was defective on its face. The judgment had been entered upon prima facie proof of jurisdiction. The defendant could have objected at the trial to the jurisdiction of the court, and, if it had appeared from the evidence that the court had not jurisdiction, judgment should have been rendered dismissing the action without prejudice to a new action. Section 248, Municipal Court Act. That section, however, further provides:

"But, if the objection be taken and overruled, it is cause only of reversal on appeal, and does not otherwise invalidate the judgment; if not taken at the trial it is waived and the court will be deemed to have jurisdiction."

In other words, the Municipal Court act permits a party to raise an objection to the jurisdiction of the court of the person only at the trial, or, if he fails to appear, by appeal to this court under section 311; but the Municipal Court has no power to rule upon an objection to its jurisdiction, except upon the trial. Where the defendant tries to raise the objection, except upon the trial, and appears specially to raise the objection by motion, the Municipal Court is absolutely without power to pass upon the objection. This court so held in the cases cited by the appellant, and I feel that these authorities must still be followed by this court, in spite of the fact that there are isolated expressions of opinion in the recent case of Blackman v. Iron Clad Manufacturing Company, 137 App. Div. 832, 122 N. Y. Supp. 619, to the contrary.

[4] Where, however, a defendant, though appearing specially, in order to preserve his rights to object to the jurisdiction of the court, seeks a trial where this objection can be properly raised, I believe that the court may properly open the "default," and set the case for traverse to the jurisdiction of the court, and then may try the issues raised by this traverse. Even a special appearance for this purpose gives the court a limited jurisdiction of the person of the defendant; for, after he has raised the objection, if the objection is overruled, he cannot attack the judgment collaterally, but is limited to an appeal. In this case, while the defendants appeared specially to set aside the judgment, and did not, as they should have done, ask to have the case set down for a traverse, they did in fact submit themselves to the jurisdiction of the court for the purpose of having the case set down for traverse. They appeared at the trial so set, and then raised the objection to the jurisdiction of the court. The court sustained the traverse, and dismissed the complaint. This procedure was, in my opinion, correct and authorized by the statute. It is in accordance with the practice approved by the Appellate Division of the Second Department in the case of Blackman v. Iron Clad Manufacturing Company, supra, and is not contrary to the decisions or opinions of this court relied upon by the plaintiff on this appeal.

The orders should be affirmed, with costs. All concur.