(77 Misc. Rep. 129.)

### EQUITABLE TRUST CO. OF NEW YORK v. SALBERG.

(Supreme Court, Appellate Term. June 21, 1912.)

1. COURTS (§ 189*)—MUNICIPAL COURT—MOTION TO SET ASIDE SUMMONS.

A Municipal Court has no authority to entertain a motion to set aside service of a summons and complaint and to issue an order setting them aside; objections to the court's jurisdiction being properly raised at the trial, and not by motion.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. § 189.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. COURTS (§ 190*)—MUNICIPAL COURT—ORDERS APPEALABLE.
    A Municipal Court order setting aside a summons, entered on a motion therefor, is not appealable.
    [Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

3. COURTS (§ 189*)—MUNICIPAL COURT—MOTION TO SET ASIDE SUMMONS.
    The denial of a motion to set aside a summons in a Municipal Court does not preclude the defendant from raising the same objection at the trial.
    [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. § 189.*]

4. COURTS (§ 189*)—MUNICIPAL COURT—JURISDICTION—ALIAS SUMMONS—RETURN.
    Under Municipal Court Act (Laws 1902, c. 580) § 30, providing that, if the person having a summons to serve cannot find the defendant, he must so return, and the clerk shall at the plaintiff's request issue an alias summons, but not providing that before the alias summons can be issued satisfactory proof must be presented that the defendant cannot be found to be served, the issuance and service of an alias summons, after the summons had been returned with an affidavit conforming to the statute, conferred prima facie jurisdiction upon the Municipal Court; and the correctness of the return could be determined only by trial of a traverse thereto.
    [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. § 189.*]

5. COURTS (§ 190*)—APPELLATE TERM OF SUPREME COURT—JURISDICTION.
    Where the record of a case from Municipal Court contained no judgment, the Appellate Term of the Supreme Court had no power to reverse an order setting aside a summons.
    [Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by the Equitable Trust Company of New York against Frederick Salberg. From a "judgment and order" setting aside service of summons, plaintiff appeals. Appeal dismissed.

Argued June term, 1912, before SEABURY, LEHMAN, and BIJUR, JJ.

McLear & McLear, of New York City (Herbert G. McLear, of New York City, of counsel), for appellant.

McLaughlin & Stern, of New York City (Max Miller, of New York City, of counsel), for respondent.

LEHMAN, J. [1] The plaintiff attempted to begin an action in the Municipal Court by obtaining a summons against this defendant. The summons was not personally served upon the defendant, but the person to whom it was delivered for service presented to the clerk of the court an affidavit stating:

"That after due and diligent search by me made I have been unable to find the within-named defendant so as to serve him with the within summons."

A very large number of alias summonses were subsequently obtained upon similar affidavits, until finally the defendant was served with the summons and complaint. The defendant then appeared specially and moved to set aside the summons and complaint. The

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

grounds of the motion were that the defendant could have been found by any diligent search, since he was not in any way concealing himself, and that the court is without jurisdiction, since the alias summons was issued upon an affidavit stating no facts, but merely conclusions of law. The trial justice granted this motion, and a formal order was entered setting aside the service of the summons and complaint. In addition to the formal order, the words:

"Service of the summons and complaint herein set aside by order dated April 30, 1912. See order within"

⸺were indorsed on the summons in the blank space reserved for the judgment. It seems to me quite clear that, under the provisions of the Municipal Court Act, the motion and the order entered thereon were not authorized. We have frequently held that the objection to the jurisdiction of the court must be raised at the trial, and not by motion. Roberts & Lewis Co. v. Dale, 74 Misc. Rep. 390, 132 N. Y. Supp. 404.

[2, 3] The Municipal Court Act does not specifically authorize such a motion, and the order entered thereon is not appealable. Even if the motion is denied, and a formal order entered thereon, this does not preclude the defendant from raising the same objection at the trial. Berkman v. Weisinger, 50 Misc. Rep. 515, 99 N. Y. Supp. 466.

[4] Moreover, in this case, the court had prima facie jurisdiction. Section 30 of the Municipal Court Act does not provide that, before an alias summons can be issued, satisfactory proof must be presented to the court that the person having the summons to serve cannot find the defendant. On the contrary, it requires the clerk, who is merely a ministerial officer without any judicial powers, to issue an alias summons whenever the person having the summons to serve shall "so return." Regarded merely as a "return," the affidavit presented to the clerk complies with the requirements of the statute. Of course, the return is not conclusive upon the parties, and may be traversed; but the court, having prima facie jurisdiction, can determine the correctness of the return only by trial of the traverse.

[5] Since, however, we are not specifically given the right to review the order by the Municipal Court Act, we have no power to reverse it, unless upon an appeal from a judgment. In this case the record contains no judgment, and apparently no judgment has ever been entered.

The appeal must therefore be dismissed, but without costs and without prejudice to the right of plaintiff to enter judgment and appeal therefrom. All concur.