(79 Misc. Rep. 227.)

## B. CRYSTAL & SON v. OHMER.

(Supreme Court, Appellate Term, First Department. February 7, 1913.)

APPEARANCE (§ 26*)—OPENING DEFAULT—DISMISSAL.

Where, after a default judgment for plaintiff, defendant moved, on proof by affidavit that the summons and complaint was not served, to open the default and to permit him to appear and serve a proposed answer, the court, upon determining that no service was had, should merely have vacated the judgment, permitted defendant to interpose his answer, and set a date for trial, instead of dismissing the complaint, since defendant waived the jurisdictional defect and submitted himself to the jurisdiction of the court.

[Ed. Note.—For other cases, see Appearance, Cent. Dig. §§ 154–159; Dec. Dig. § 26.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by B. Crystal & Son against Eugene A. Ohmer. From a judgment dismissing the complaint, and from an order vacating a judgment for plaintiff, plaintiff appeals. Judgment reversed, and new trial ordered. Order modified.

Argued January term, 1913, before SEABURY, LEHMAN, and PAGE, JJ.

Jerome L. Adler, of New York City, for appellant.
Gallert & Heilborn, of New York City, for respondent.

SEABURY, J. The complaint alleges two causes of action. In the first cause of action, the plaintiff seeks to recover $115, alleged to be due as rent under a lease between the parties. In the second cause of action, the plaintiff seeks to recover $9.80, alleged to be due for work, labor, and services performed at the request of the defendant. On September 25, 1912, a summons was duly issued and made returnable on October 7, 1912. The affidavit of service recites that service of the summons and complaint was duly made on September 30, 1912. On October 7, 1912, the return day, judgment was entered in favor of the plaintiff for the amount claimed, upon the defendant's default of appearance. On the 4th day of November, 1912, the defendant procured an order to show cause, directing the plaintiff or his attorney to show cause on November 8, 1912—

"why an order should not be made, entered, and filed herein, permitting the defendant, Eugene A. Ohmer, to appear and answer herein, and why the judgment heretofore entered herein should not be vacated and set aside, and why the cause should not be set down for trial, and why the defendant should not have such other and further relief as to this court may seem just and proper in the premises."

This order to show cause was procured upon a duly verified proposed answer, in which the defendant interposed a plea of payment to the first cause of action and a denial of the second cause of action alleged. The defendant also submitted an affidavit in which he stated that the summons and complaint were not served upon him on Sep-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tember 30th, as set forth in the proof of service, or at any other time. The moving papers also contained an affidavit of merits, and a recitation of facts tending to support the allegations of the proposed answer, and, at the end thereof, contained a prayer for relief, under which the defendant prayed that—

"his default be opened, and that he be permitted to appear and serve the amended answer."

On November 8, 1912, the return day of the order to show cause, the court below took proof to determine whether or not the defendant had been served with the summons and complaint, and upon evidence ample to support his finding determined that the summons and complaint had not been served. The record discloses that, after the trial of the so-called traverse, the judgment entered in favor of the plaintiff was vacated, and that the complaint was dismissed.

Under the facts above recited, the defendant waived the jurisdictional defect, and submitted himself to the jurisdiction of the court. He requested the court to regard his failure to appear as a default not caused by his own negligence, and prayed for leave to interpose a proposed answer, duly verified and submitted to the court, and to be allowed to defend the action. As the defendant submitted to the jurisdiction of the court, the learned court below should not have dismissed the complaint, but should have vacated the judgment entered in favor of the plaintiff, permitted the defendant to interpose the proposed answer, and then have set a date for trial. Review & Record Co. v. Gilbreth, 65 Misc. Rep. 503, 120 N. Y. Supp. 100; Goldstein v. Goldsmith, 28 Misc. Rep. 569, 59 N. Y. Supp. 677.

The judgment dismissing the complaint is reversed, and a new trial ordered, with costs to abide the event. The order vacating the judgment entered in favor of the plaintiff and dismissing the complaint is modified, by striking out the provision directing a dismissal of the complaint, and, as modified, affirmed, without costs. The defendant is granted leave to interpose the answer proposed. All concur.