(81 Misc. Rep. 131.)

PHILLIPS et al. v. ALBERT, Inc.

(Supreme Court, Appellate Term, First Department. June 17, 1913.)

1. COURTS (§ 189*)—MUNICIPAL COURTS—PROCEDURE—TRAVERSE OF RETURN.
    Where the defendant, in an action in the Municipal Court, appears specially and traverses the return to the summons, it is proper to set the case for trial upon that issue.
    [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. § 189.*]

2. CORPORATIONS (§ 507*)—PROCESS—SERVICE ON FORMER OFFICER.
    Where the affidavit of the process server stated that he served the summons upon S., the president of the defendant corporation, and the

uncontradictory evidence of the defendant was that S. was no longer president, director, officer, or stockholder in the corporation, it was error to overrule a traverse of the return.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1971–1974. 1976–2000; Dec. Dig. § 507.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Solomon Phillips and others against Albert, Incorporated. Traverse to the return of the summons overruled, and defendant appeals. Reversed, and complaint dismissed.

Argued May term, 1913, before LEHMAN, BIJUR, and WHITAKER, JJ.

Leon Kauffman, of New York City, for appellant.

Cohen & Shiverts, of New York City, for respondents.

PER CURIAM. [1] Upon the return day of the summons in this case the defendant appeared specially and traversed the return. The case was thereupon set down for the trial of this issue. This practice was correct. In Roberts & Lewis Co. v. Dale, 74 Misc. Rep. 390, 132 N. Y. Supp. 404, this court held that the jurisdiction of the Municipal Court could not be attacked upon a motion, that it could be raised upon a trial, and that a special appearance gives a limited jurisdiction to the court to try the issue raised by the traverse.

[2] The affidavit of the process server was that he served the summons upon one Albert Strauss, the president of the defendant corporation, on January 29, 1913. Strauss was called as a witness by the plaintiff, who testified that he was not then connected with the defendant, and that he had terminated his connection as an officer and director on January 7, 1913, that he was never a stockholder of the company, and that he was then employed as a cutter upon a salary. This testimony was not disputed, either directly or inferentially. Under such circumstances, the overruling of the traverse and giving judgment in favor of the plaintiff was error.

Judgment reversed, with costs, and complaint dismissed, with costs. All concur.