YUDIN et al. v. STOLLER et al.

(Supreme Court, Appellate Term, First Department. June 24, 1913.)

1. JUDGMENT (§ 151*)—DEFAULT—VACATION—JURISDICTION.
   An application for an order to show cause why judgment taken against defendant by default should not be vacated, and defendant "allowed to come in and defend said action," in form conferred jurisdiction upon the court to grant the relief asked for.
   [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 296–298, 727, 730; Dec. Dig. § 151.*]

2. JUDGMENT (§ 158*)—DEFAULT—VACATION—AFFIDAVIT OF MERITS.
   Defendant's failure to file an affidavit of merits or proposed answer was fatal to his application to vacate a default judgment.
   [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 311; Dec. Dig. § 158.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Sam Yudin and another against Julius Stoller and others. From an order denying a motion of defendant named to vacate a default judgment by plaintiffs, he appeals. Order affirmed, with leave to renew motion.

Argued June term, 1913, before SEABURY, PAGE, and BIJUR, JJ.

Frank M. Franklin, of New York City, for appellant.

Israel M. Lerner, of New York City, for respondents.

PER CURIAM. [1] On April 4, 1913, the defendant obtained an order to show cause why the judgment against him taken by default

should not be vacated and set aside, and the defendant Stoller "allowed to come in and defend said action." The form of this application conferred jurisdiction upon the court to grant the relief asked for. B. Crystal & Son v. Ohmer, 139 N. Y. Supp. 841.

[2] The order was based upon an affidavit made by said Stoller, in which he alleges that he was never served with process in the action, and was out of town on the day the summons was alleged to have been served. No affidavit of merits or proposed answer was presented by the defendant. The justice of the lower court held that, the defendant having sworn that he was out of town, and not having stated where he was at the time the summons was served, the failure to so state discredited the statement that no service of the summons had been made, and therefore denied the motion. The failure to file an affidavit of merits or proposed answer was also fatal to defendant's application.

Order affirmed, with costs, but with leave to defendant to renew, upon payment of costs, within five days after service of a copy of this order, with notice of entry thereof.