(88 Misc. Rep. 573)

## CANELLI WINE CO. v. TASSI et al.

(Supreme Court, Appellate Term, First Department. January 7, 1915.)

1. STATUTES (§ 225¾*)—CONSTRUCTION—LANGUAGE OF ACT PREVIOUSLY CONSTRUED.

Where the Legislature, in passing a statute, adopts the language of another act, which has been judicially construed, it will be presumed to have used the language with the meaning previously placed on it by the courts.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 306; Dec. Dig. § 225¾.*]

2. COURTS (§ 190*)—NEW YORK MUNICIPAL COURT—DEFAULT JUDGMENT—APPEAL.

Under Municipal Court Act (Laws 1902, c. 580) § 311, as amended by Laws 1908, c. 221, a defendant who has not been served with summons may appeal from a default judgment in the Municipal Court.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 190;* Appeal and Error, Cent. Dig. § 103.]

3. COURTS (§ 190*)—MUNICIPAL COURT OF NEW YORK—APPEAL—HEARING ON AFFIDAVITS.

On appeal from a default judgment in the Municipal Court, on the ground that no process was served on defendant, the question of service may be determined on affidavits filed in the appellate court, under Code Civ. Proc. § 3057.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 190;* Appeal and Error, Cent. Dig. § 103.]

Whitaker, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by the Canelli Wine Company against James Tassi, Joseph Tassi, and Anthony Tassi. Judgment for plaintiff on default, and defendants appeal. Reversed.

Argued November term, 1914, before LEHMAN, DELANY, and WHITAKER, JJ.

Bunnell & Bunnell, of New York City (Walter L. Bunnell, of New York City, of counsel), for appellants.

A. Frank Cowen, of New York City (Joseph R. Brodsky, of New York City, of counsel), for respondent.

LEHMAN, J. I entirely agree with Mr. Justice WHITAKER that the practice of permitting appeals from judgment taken on default, which requires the appellate court to take the responsibility of passing in the first instance upon disputed questions of fact, is entirely anomalous, and this very case is a glaring instance of the evil to which such practice leads. The plaintiff in this case claims that he has served James Tassi, and upon proof of such service has obtained a judgment by default. James Tassi now comes in and by affidavit shows that he has not been served, and that the Municipal Court has no jurisdiction over his person. While the matter comes up on opposing affidavits, I feel that there can be no reasonable doubt but that the plaintiff served some relative of James Tassi, and not James Tassi, and that conse-

quently the Municipal Court acquired no jurisdiction of James Tassi's person.

On the other hand, there is also no reasonable doubt but that the plaintiff was misled into the honest belief that he had served James Tassi, the appellant, by the willful misstatements of Tassi's own relatives, acting for his benefit, even if not by his authority. If James Tassi were required in the first instance to move, in the court where judgment was entered, to vacate this judgment entered without jurisdiction, by reason of plaintiff's honest error induced by the misconduct of parties acting in defendant's behalf, the defendant would gain little benefit from such misconduct, for the court could promptly place the parties in the position in which they originally were without imposing costs.

On the other hand, if this defendant has the right to take this appeal, he not only gains the advantage of the delay incident to an appeal, and the advantage of having the question tried out on affidavits, without a cross-examination which might show his connivance at his relative's misconduct, but also under the statute he is entitled to costs against the plaintiff, who has at all times acted with propriety and reasonable care.

However, though I strongly concur in the view that the appellant's practice is logically wrong, in that it imposes a duty upon an appellate court which it cannot satisfactorily accomplish and gives the defendant an unjust advantage, the question which we must determine is solely whether the Legislature has by express statute provided such practice. If it has done so, then this court must enforce the statute, and the responsibility of authorizing the practice rests solely with the Legislature, and the patent abuses consequent upon such practice can be remedied only by the Legislature.

This court has had that question presented to it frequently in the past, and in a line of decisions too long to be set out in full has held that the practice used by the appellant is correct, and that he could not move in the Municipal Court to vacate the judgment and dismiss the complaint. See cases cited by Mr. Justice WHITAKER. Even if I were doubtful of the correctness of these decisions, I should still follow them as binding authority. I, of course, do not contend that the principle of stare decisis absolutely binds any court to follow its earlier decisions, if it has become convinced that these decisions are erroneous. I do, however, maintain that in a court such as this court, where the justices are changed month by month, the bar is entitled to know that the practice of the court, established by successive decisions through a period of years, is fixed and will not be affected by the personnel of the court during the particular month in which the appeal is argued. A court which in one month holds that a motion to vacate a judgment and dismiss the complaint cannot be made in the Municipal Court, and in the next month may hold that such a motion must be made there, and whose determination of the question presented rests solely upon the reasoning of the particular judges then sitting, without any limitation imposed by previous decisions, would, I think necessarily produce an intolerable condition of confusion, where lawyers

and judges in the inferior court would be acting without definite rule of knowledge.

[1, 2] In this case, however, I do not wish to intimate that, even if the question presented were a novel question, I should not reach the same conclusion as this court has reached in the earlier cases. To my mind, the opinion of Mr. Justice Bischoff in the case of Austen v. Columbia Lubricants Co., 85 N. Y. Supp. 362, shows conclusively that this court could not logically decide the matter differently. As was pointed out in that case, section 3046 of the Code of Civil Procedure was bodily incorporated into the Municipal Court Act. Previous thereto that section of the Code had been judicially construed as giving a right of appeal where the defendant had not been served. See Hurry v. Coffin, 11 Daly, 180, and cases there cited. When the Legislature saw fit to incorporate this section of the Code into the Municipal Court Act, it did so with presumptive knowledge of the judicial construction previously given to that section, and it follows that it intended to give a right of appeal to a defendant who had not been served, especially since it failed to give the Municipal Court any power to vacate a judgment and dismiss the complaint in an action where the defendant has not been served and has not submitted himself to the jurisdiction of the court. Friedberger v. Stulpnagel, 59 Misc. Rep. 498, 112 N. Y. Supp. 89.

[3] The Legislature has consequently, not only authorized such an appeal, but by section 3057 of the Code has prescribed the exact practice followed by the defendant here as the proper procedure upon an appeal from a Justice's Court. That section of the Code is also applicable to the Municipal Court. Lazarus v. Boynton, 86 N. Y. Supp. 104.

It follows that the judgment must be reversed, with costs, and the complaint dismissed, with costs.

DELANY, J., concurs.

WHITAKER, J. (dissenting). Appellants submit affidavits that they were never served with summonses. Respondent submits counteraffidavits to the effect that the summons was served upon one of the defendants, James Tassi. Appellants base their contention that an appeal is proper upon the provisions of section 311 of the Municipal Court Act, which provides as follows:

"An appeal must be taken within 20 days after the entry of the judgment, order or final order in the docket, except that where a defendant appeals from a judgment rendered in an action wherein he did not appear and the summons was not personally served upon him, the appeal may be taken, within 20 days after personal service upon him, on the part of the plaintiff, of written notice of the entry of the judgment. An appeal is taken by serving upon the clerk of the court or his successor in office, in the district in which the judgment, order or final order was rendered, and upon the respondent, a written notice of appeal, subscribed either by the appellant or by his attorney in the appellate court, and paying at the same time the costs and disbursements of the action to such clerk who shall hold the same to abide the event of such appeal and the further order of the court in the district from which the appeal was taken. The city of New York, or any board, department or official thereof, appearing by the corporation coun-

sel, shall not be obliged to pay such costs and disbursements until the final determination of such appeal. The service and filing of a notice of appeal by the city of New York with the clerk of the court as aforesaid shall operate as a stay."

This section has no application. It does not provide what is appealable, but only limits the time in which an appeal may be taken. I am aware it has been held by this court that appeal in a case like the present lies. Dixon v. Carrucci, 49 Misc. Rep. 222, 97 N. Y. Supp. 381; Waldman v. Mann, 101 N. Y. Supp. 757, 758; Austen v. Columbia Co., 85 N. Y. Supp. 362; Lazarus v. Boynton, 86 N. Y. Supp. 104; Friedberger v. Stulpnagel, 59 Misc. Rep. 498, 112 N. Y. Supp. 89. But it is entirely against my best judgment to allow such appeals. This court is not a court of original jurisdiction, and ought not to take the responsibility in the first instance of passing upon disputed facts. Every court has control of its own judgments, and the Municipal Court of the City of New York should first pass upon the question as a question of fact upon an application to it for leave to come in and defend or to set aside the judgment. To allow this appeal would make it easy for persons against whom judgments are taken, even upon proper service, to simply make an affidavit of no service and appeal to this court. This court should not be called upon to pass upon the fact of service in the first instance. In the first place, it deprives the respondent of one of his opportunities to test the matter; and, in the next place, this court would not be inclined to sustain the judgment, if defendant makes affidavit of no service. This practice, in my judgment, will, if continued, result in serious consequences.

I think, therefore, that the appeal should be dismissed, and the appellants directed to make their application to set aside the judgment to the court in which it was rendered.