MAJESTIC METAL BED CO., Inc., v. MUTUAL FURNITURE CO., Inc.

(Supreme Court, Appellate Term, First Department. May 5, 1915.)

1. COURTS ⬚189—MUNICIPAL COURTS—PROCEDURE—TRAVERSE OF RETURN.
    Where defendant in the Municipal Court appears specially and by affidavit traverses the return to the summons, the issue is properly set down for trial.
    [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. ⬚189.]

2. CORPORATIONS ⬚507—PROCESS—SERVICE—REQUISITES.
    Where the affidavit of the process server averred that he served the summons on H. U., the secretary of defendant corporation, and the uncontradicted evidence showed that the service was on J. U., who never had been an officer of the corporation, and who informed the process server of that fact, the court should sustain a traverse to the return and dismiss the action.
    [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1971–1975, 1976–2000; Dec. Dig. ⬚507.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Majestic Metal Bed Company, Incorporated, against the Mutual Furniture Company, Incorporated. From a judgment of the Municipal Court, bringing up for review an order overruling a traverse of the return after trial of issue of fact raised thereby, defendant appeals. Reversed, and complaint dismissed.

Argued March term, 1915, before LEHMAN, HENDRICK, and COHALAN, JJ.

Herman A. Brand, of New York City, for appellant.
Jacob Neumark, of New York City, for respondent.

COHALAN, J. [1] The process server in this case made an affidavit in which he testified that he served the summons upon Hayward

Ulman, the "secretary" of the defendant. Upon the return day of the summons the defendant appeared specially, and filed an affidavit made by one Jack Ulman, in which he stated that he was the person served, and that he was not and never had been an officer of the defendant corporation. The issue thus raised was set down for trial for December 11, 1915, and this practice was correct. Robert & Lewis Co. v. Dale, 74 Misc. Rep. 390, 132 N. Y. Supp. 405; Phillips v. Albert, 81 Misc. Rep. 131, 142 N. Y. Supp. 325.

[2] Upon the trial no testimony whatever was offered by the plaintiff. Jack Ulman, in testifying that the process server handed him a summons in the action, said:

"I saw that it was against the company, and I told him that I was no officer of the company, and never was. I told him my name, and he said it makes no difference."

Hayward Ulman, in addition, testified that he was the secretary of the defendant, and that he had not been served with the summons in the action. Upon this undisputed testimony the court below should have sustained the traverse and dismissed the action.

Judgment reversed, with costs, and complaint dismissed, with costs. All concur.