EXPORT FLOUR & FEED CO., Inc., v. A. MISHLER, Inc.

(Supreme Court, Appellate Term, First Department. May 5, 1915.)

1. COURTS ⬦190—NEW YORK MUNICIPAL COURT—DEFAULT JUDGMENT—AP-
PEAL.
A defendant against whom a default judgment was rendered in the Mu-
nicipal Court cannot appeal from an order refusing to vacate the judg-
ment because of want of service on defendant, where defendant did not
submit to the jurisdiction and ask to have the default set aside, nor have
the issue as to service on it set down for trial.
[Ed. Note.—For other cases, see Courts, Dec. Dig. ⬦190; Appeal and
Error, Cent. Dig. § 103.]

2. COURTS ⬦190—NEW YORK MUNICIPAL COURT—DEFAULT JUDGMENT—AP-
PEAL.
On an appeal by a defendant from a default judgment of the Munici-
pal Court under the provisions of Municipal Court Act (Laws 1902, c.
580) § 311, the Appellate Term can determine the jurisdiction of the Mu-
nicipal Court upon affidavits.
[Ed. Note.—For other cases, see Courts, Dec. Dig. ⬦190; Appeal and
Error, Cent. Dig. § 103.]

Appeal from Municipal Court, Borough of Manhattan, First Dis-
trict.

Action by the Export Flour & Feed Company, Incorporated, against
A. Mishler, Incorporated. From an order denying defendant's mo-
tion to vacate and set aside a judgment rendered against it by default,
the defendant appeals. Appeal dismissed.

Argued March term, 1915, before LEHMAN, HENDRICK, and
COHALAN, JJ.

Abraham S. Weltfisch, of New York City, for appellant.
Joseph A. Seidman, of New York City, for respondent.

COHALAN, J. The defendant appeals from an order "denying
the defendant's motion to vacate and set aside the judgment." The ac-
tion was commenced by the service of a summons upon one Henry
Siegel, stated in the affidavit of service to be the "treasurer of said
A. Mishler, Incorporated." A judgment was taken against the defend-
ant by default on May 5, 1914, and upon January 26, 1914, the defend-
ant obtained an order to show cause why an order should not be made
"vacating and setting aside the judgment heretofore rendered." Upon
the hearing of this motion the defendant submitted affidavits attacking
the jurisdiction of the court below, upon the ground that the person
upon whom the summons had been served was not an officer of the
defendant or connected with it in any way, and asked to have the
judgment vacated and set aside solely upon that ground.

[1] It will be observed that the defendant did not submit itself to
the jurisdiction of the court, to ask, as it might have done, that its
default be opened. Friedberger v. Stulpnagel, 59 Misc. Rep. 498, 112
N. Y. Supp. 89; Review & Record Co. v. Gilbreth, 65 Misc. Rep. 503,
120 N. Y. Supp. 100. Nor was the issue raised by its denial of service
set down for trial as an issue of fact. Phillips v. Albert, 81 Misc. Rep.

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

131, 142 N. Y. Supp. 325. The court below, therefore, had no power to grant the defendant's request. Roberts & Lewis Co. v. Dale, 74 Misc. Rep. 390, 132 N. Y. Supp. 404. The action of the court in denying the defendant's motion cannot be reviewed in this court by an appeal from the order.

[2] If the defendant had appealed from the judgment, as provided in section 311 of the Municipal Court Act, this court might have determined the appeal upon affidavits. Canelli Wine Co. v. Tassi, 88 Misc. Rep. 573, 151 N. Y. Supp. 46. The appeal, having been made from a nonappealable order, must be dismissed.

Appeal dismissed, with $10 costs. All concur.