### KRAMER et al. v. REED.

(Supreme Court, Appellate Term, First Department. May 13, 1915.)

1. COURTS ⬙189—MUNICIPAL COURT—VACATION OF JUDGMENT.
    A judgment of the Municipal Court cannot be vacated, upon motion made for that purpose on the ground of nonservice of process, when the application embodies no request that defendant's default be opened.
    [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. ⬙189.]

2. APPEAL AND ERROR ⬙671—REVIEW—ORDER NOT IN RECORD.
    The granting of an order not contained in the record cannot be reviewed.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2867–2872; Dec. Dig. ⬙671.]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Isak Kramer and another against Harry Reed. From an order denying defendant's motion to vacate and set aside judgment, and an order amending his name in the summons, he appeals. Dismissed.

Argued April term, 1915, before GUY, BIJUR, and PENDLETON, JJ.

J. L. Weinberg, of New York City, for appellant.
Samuel Cherkos, of New York City, for respondents.

PER CURIAM. Defendant appeals from two orders of the Municipal Court, one denying his motion to vacate and set aside the judgment, and one from an order amending the name of the appellant, which name was in the summons declared to be fictitious, to the defendant's real name.

[1] The first order was based upon an order to show cause, obtained by the defendant, why the judgment should not be vacated and

---

⬙For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

set aside upon the ground that the summons was never served upon him. The issue thus raised was not tried as an issue of fact, but the motion was heard upon affidavits, and was denied. This court has repeatedly held that a judgment in the Municipal Court cannot be vacated upon a motion made for that purpose upon the ground of non-service of process, when the application is not coupled with a request that defendant's default should be opened. Review & Record Co. v. Gilbreth, 65 Misc. Rep. 503, 120 N. Y. Supp. 100; Phillips v. Albert, 81 Misc. Rep. 131, 142 N. Y. Supp. 325; Roberts & Lewis Co. v. Dale, 74 Misc. Rep. 390, 132 N. Y. Supp. 404.

[2] The second order appealed from is not contained in the record, and cannot therefore be considered.

Appeals dismissed, with $10 costs.