BERNARD v. ROSENFIELD.

(Supreme Court, Appellate Term, First Department.   March 22, 1916.)

1. COURTS ⬅︎189(15)—MUNICIPAL COURTS—VACATION—OPENING OF DEFAULT.
    A judgment cannot be vacated on motion for nonservice of process; the
    remedy being to move to set aside the default, under Municipal Court Act
    (Laws 1902, c. 580) § 256.
        [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 458; Dec.
    Dig. ⬅︎189(15).]

2. COURTS ⬅︎189(15)—MUNICIPAL COURTS—OPENING OF DEFAULT—IMPOSI-
   TION OF CONDITIONS.
       Under Municipal Court Act, § 256, providing for the opening of default
    judgments, it is within the power of the court to impose the condition
    that the moving party deposit the amount of the judgment against him in
    order to secure the opening of the default.
        [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 458; Dec.
    Dig. ⬅︎189(15).]

3. COURTS ⬅︎190(2)—MUNICIPAL COURTS—JUDGMENT APPEALABLE—DEFAULT
   JUDGMENT.
       Under Municipal Court Act, § 257, relating to what judgments are ap-
    pealable, where the court opened a default on condition, and the moving
    party failed to comply therewith, the judgment remained a default
    judgment, and was not appealable.
        [Ed. Note.—For other cases, see Courts, Dec. Dig. ⬅︎190(2); Appeal
    and Error, Cent. Dig. §§ 103, 3381.]

4. JUDGMENT ⬅︎172—RIGHT TO JUDGMENT.
       A party can have but one judgment in an action, so that where default
    judgment was opened, and the moving party failed to comply with con-
    ditions imposed, no new judgment could be rendered; the old still being
    in effect.
        [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 336; Dec. Dig.
    ⬅︎172.]

Appeal from Municipal Court, Borough of Manhattan, Second Dis-
trict.

Action by Ben Bernard against Joseph H. Rosenfield. From an
order denying a motion to vacate a judgment and open default, and
from two judgments in favor of plaintiff, defendant appeals. Orders
affirmed, the second judgment reversed and vacated, and appeal from
the first judgment dismissed.

Argued February term, 1916, before LEHMAN, WEEKS, and
DELEHANTY, JJ.

Percival E. Jackson, of New York City, for appellant.
Meyer Greenberg, of New York City, for respondent.

WEEKS, J.   This action was commenced, and judgment entered,
and the motion made to vacate the judgment and open the default,
prior to September 1, 1915, and consequently the case is governed by
the Municipal Court Act in force at that time.

[1-3] The first summons in this action was issued on July 6th, re-
turnable on July 14th.   An alias summons was issued returnable on
July 23d, and another one returnable on July 28, 1915.   Upon proof

⬅︎For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

of service of this last summons, judgment by default was entered against the defendant. Claiming that he appeared on July 23d and obtained a dismissal of the complaint for failure of the plaintiff to appear, and that he had never been served with a summons returnable on July 28th, and therefore had not appeared in court pursuant to the requirement of such summons, the defendant moved to vacate the judgment taken against him by default upon that ground, and also asked to be permitted to come in and defend.

There is nothing in the record showing that any action was taken in the lower court upon July 23d, and due proof of service of a summons returnable July 28th was made, and the appearance by the defendant is noted by the clerk, but this is not important. The motion to vacate the judgment was denied, and the motion to open the default granted, upon condition that the defendant deposit the amount of the judgment within five days, and also allowing the plaintiff $5 costs to abide the event. The case was set down for trial for August 20, 1915, if these conditions were complied with; otherwise, the motion was denied.

This disposition was the correct one. This court has held that a judgment cannot be vacated upon motion because of nonservice of process and has indicated the proper practice to be followed. Roberts & Lewis Co. v. Dale, 74 Misc. Rep. 390, 132 N. Y. Supp. 404; Philips et al. v. Albert, Inc., 81 Misc. Rep. 131, 142 N. Y. Supp. 325. The only question, therefore, before the lower court, was that of opening the default. This was disposed of well within the power conferred upon the court by section 256 of the Municipal Court Act, and the judgment remained a default judgment, from which no appeal lies under section 257 of that act.

[4] There were two judgments entered herein—one on August 6, 1915, when defendant failed to appear, and when defendant failed to comply with the terms imposed for opening his default, and on August 20, 1915, another judgment for the same amount was entered in favor of the plaintiff. Of course, plaintiff is entitled to but one judgment.

Judgment of August 20th reversed, and judgment vacated. Appeal from judgment of August 6th dismissed, and order opening default affirmed, with $10 costs, with leave to the defendant to comply with the terms of such order within five days after entry and service of notice of entry of this order in the Municipal Court, and payment of said $10 costs. All concur.